**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Howard McCARGO,**
**Defendant-Appellant.**

**No. 85–4653**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 1986.

Irving M. Greenberg, Shreveport, La., for defendant-appellant.

D.H. Perkins, Jr., Asst. U.S. Atty., Shreveport, La., for plaintiff-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A taxpayer was charged with contempt of court for failing to obey a magistrate's order allowing the Internal Revenue Service to seize his equipment, bank stock, and the contents of his cash register. He contended that he was not in contempt because his cash register was exempt from seizure

under 26 U.S.C. § 6334(a)(3) (1982), and the bank stock was not on the premises. We find the evidence sufficient to support beyond a reasonable doubt the district court's finding that the taxpayer disobeyed the magistrate's order and, therefore, affirm the bench-trial conviction. We further hold that the district court's decision to impose both a sixty-day prison sentence and a $25 assessment was authorized by statute, and not so excessive as to be an abuse of discretion.

### I.

On November 24, 1984, the Internal Revenue Service gave Howard McCargo a notice of intention to levy his property to pay back taxes of $4,148.74. After requesting payment several times, the I.R.S. obtained an order from a federal magistrate authorizing Agent McClung to enter McCargo's fish market "during business hours or the daytime" to seize property to satisfy the debt.

On May 17, 1985, at approximately 3:20 p.m., Agents McClung and Stanfield entered McCargo's fish market, identified themselves as I.R.S. agents, gave McCargo copies of the magistrate's order and the notice of levy, and asked him to pay the amount owed. Several customers were present during the time the agents were in the market. Another person was in the store to help McCargo with his work. At trial, the agents testified that, whenever McCargo would wait on a customer, they would step back from the counter to avoid interfering with his work. McCargo testified that he had asked the agents to wait until his store was free of customers before discussing his tax problems. The agents testified that McCargo never made such a request. McCargo neither paid the amount owed, nor allowed the agents to seize any of his property, and after about twenty minutes, the agents left.

The magistrate certified to the district court the facts constituting the contempt, *i.e.,* McCargo's disobedience of the magistrate's order. Upon petition of the government, the district court issued an order for McCargo to show cause why he should not be held in criminal contempt for disobedience of the magistrate's order. At the outset of the trial, the district court judge stated that he would not impose a penalty of more than six months imprisonment and so there was no necessity for a jury trial. The court found McCargo in contempt, imposed a sixty-day prison sentence, and ordered him to pay $25 to the Crime Victim's Fund.

### II.

■ McCargo claims that he should have been acquitted of the contempt charge because the prosecution failed to introduce at trial a copy of the magistrate's certification of the facts supporting the charge. This certification was part of the record at the time of trial but was not offered into evidence.

Under 28 U.S.C. § 636(e)(5) (1982), a magistrate must certify to the district court the facts surrounding the contempt charge. The magistrate did so. Neither party has cited any authority concerning whether the certification must be introduced into evidence during the criminal contempt proceeding, and we have found none. The government suggests that the certification served as a procedural device to institute the contempt proceedings and, like an indictment, would therefore not be admissible as evidence.[1]

Even if it were necessary to prove the certification as an element of the government's case, however, the district court could and did take judicial notice of its existence in the record.[2]

1. *See United States v. Cox,* 536 F.2d 65, 72 (5th Cir.1976).

2. *See, e.g., In re Missionary Baptist Foundation of America,* 712 F.2d 206, 211 (5th Cir.1983); *ITT Rayonier, Inc. v. United States,* 651 F.2d 343, 345 n. 2 (5th Cir.1981); *United States v. Verlinsky,* 459 F.2d 1085, 1089 (5th Cir.1972) (on petition for rehearing); 2 C. Wright, Federal Practice & Procedure: Criminal § 441, at 620 (2d ed. 1982).

**510**

## III.

McCargo contends that the government failed to prove beyond a reasonable doubt that he willfully refused to obey the court order authorizing seizure of his property. He contends that, although he disagreed with the amount owed, he would have complied with the order as soon as his store was free of customers.

■ As we held in *United States v. Hilburn,* for a criminal contempt conviction to stand, the evidence must show "both a contemptuous act and a willful, contumacious, or reckless state of mind."[3] In determining whether such a conviction is sufficiently supported by the evidence, however, the evidence is viewed "in the light most favorable to the government."[4]

■ Thus viewed, there was ample evidence to support the criminal contempt conviction. Assuming *arguendo* that a contempt conviction would have been improper had McCargo intended to comply with the order once his customers had left, there was sufficient evidence that McCargo did not intend to do so. For example, Agent McClung testified that McCargo repeatedly refused to allow the agents to make the seizure. Both agents testified that McCargo never asked them to wait until all his customers left, and never indicated that he would discuss the matter with them or comply with the order once his store was empty.

## IV.

■ The court did not lack authority to impose both a term of imprisonment and a $25 assessment. While the contempt statute authorizes either a fine or imprisonment for a criminal contempt conviction, but not both,[5] only the prison sentence was imposed on McCargo under the contempt statute. The $25 assessment was imposed under a different statute[6] which specifically mandates such assessments. Therefore, the court's imposition of both the monetary assessment and the prison term was within its authority.

■ The sixty-day sentence is reviewable only for abuse of discretion.[7] In a few cases, such a short sentence has been held excessive when imposed for much less significant offenses, such as failing to rise when the judge entered or left the courtroom, or failing to step forward upon the judge's request.[8] In *United States v. United Mine Workers of America,* the Supreme Court stated that, in determining what sentence to impose in a criminal contempt case, a district court could consider "the extent of the willful and deliberate defiance of the court's order, the seriousness of the consequences of the contumacious behavior, the necessity of effectively terminating the defendant's defiance as required by the public interest, and the importance of deterring such acts in the future."[9] In this case, the deterrence rationale alone justifies the sixty-day sentence.

## V.

McCargo contends that one of the items the agents sought to seize was a cash register that was exempt from seizure under 26 U.S.C. § 6334(a)(3), and that there was no evidence to show that another of the items, his bank stock, was on the premises. He insists that he would have acted differently had the agents sought to seize only the cash in the cash register.

---

**3.** 625 F.2d 1177, 1180 (5th Cir.1980).

**4.** *Id.*

**5.** 18 U.S.C. § 401 (1982); *United States v. Barnette,* 546 F.2d 187, 193 (5th Cir.), *cert. denied,* 434 U.S. 822, 98 S.Ct. 65, 54 L.Ed.2d 79 (1977).

**6.** 18 U.S.C. § 3013(a)(1)(A) (Supp.1984).

**7.** *See United States v. Leyva,* 513 F.2d 774, 779 (5th Cir.1975).

**8.** *See United States v. Abascal,* 509 F.2d 752, 757 (9th Cir.), *cert. denied,* 422 U.S. 1027, 95 S.Ct. 2621, 45 L.Ed.2d 684 (1975); *United States ex rel. Robson v. Malone,* 412 F.2d 848, 850–51 (7th Cir.1969).

**9.** 330 U.S. 258, 303, 67 S.Ct. 677, 701, 91 L.Ed. 884, 918 (1947); *Accord United States v. Trudell,* 563 F.2d 889, 893 (8th Cir.1977).

Even assuming that McCargo's objections were valid, however, he refused to comply with the legal portion of the order by permitting the agents to seize the cash. It is no defense to a contempt charge that the defendant refused to comply with one part of a court order because he believed that a second part was illegal and that compliance with a third part was impossible.

Moreover, McCargo's objections are not valid. The statute exempts $1,000 worth of tools of the trade from levy for taxes.[10] McCargo has never contended that the levy would have left him without $1,000 worth of "tools of the trade" in his store, and there is no evidence that the seizure of the cash register would have been illegal.

As to the bank stock, the district court ruled that McCargo had not shown his inability to comply with the order, and there was evidence to support this finding. Agent McClung testified that the day before he visited McCargo's store to execute the levy, he had asked McCargo to have his bank stock on the premises. He also testified that he saw an envelope on the counter with "an inscription on the front of it, approximately, bank stock, Howard and Bobby McCargo, Security National Bank." This testimony was sufficient to support an inference that the bank stock was in the envelope and on the premises.

For these reasons, the judgment is AFFIRMED.