**In re Samuel A. KITTERMAN, Jr.**

**No. CR–N–88–35–ECR.**

United States District Court,
D. Nevada.

Aug. 26, 1988.

On Motion to Quash Sept. 20, 1988.

No appearance for plaintiff.

Samuel A. Kitterman, Jr., Asst. Federal Public Defender, Las Vegas, Nev., pro se.

Daniel Markoff, Federal Public Defender, Las Vegas, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

This case is before the Court on a Motion to Quash an Order to Show Cause issued by United States Magistrate Phyllis Halsey Atkins on August 11, 1988.

This matter arose from a criminal prosecution for three counts of tax evasion and one count of submission of a fraudulent withholding allowance certificate, violations of 26 U.S.C. §§ 7201 and 7205.

The indictment was filed on July 26, 1988. On August 3, 1988, the defendant's initial appearance was held before the Magistrate. At the initial appearance, the Mag-

istrate appointed the office of the Federal Public Defender to represent the defendant. Assistant Federal Public Defender N. Patrick Flanagan was present. The Magistrate set the arraignment and plea for August 9, 1988, at 10:00 o'clock a.m.

On August 9, 1988, the defendant appeared for the arraignment and plea. It appears from the record that, though the arraignment and plea was delayed for fifty minutes, no one from the Federal Public Defender's Office arrived to represent the defendant.

On August 11, 1988, the Magistrate issued an Order to Show Cause. The Order to Show Cause stated in relevant part:

On August 9, 1988 the above-entitled matter came before this court for the defendant's arraignment and plea. Defendant Brown was to be represented by Sam Kitterman, Esq. Mr. Kitterman, however, was not present at the hearing.

Accordingly, Mr. Kitterman shall appear before this court on August 30, 1988 at 10:00 a.m. to show cause why he should not be held in contempt of court and sanctions imposed for failure to appear.

On August 17, 1988, Assistant Federal Public Defender Kitterman, to whom the Order to Show Cause was directed, filed a Motion to Quash. Mr. Kitterman argues that under 28 U.S.C. § 636(e) the Magistrate is without jurisdiction to preside over the contempt hearing in this case and that, therefore, the Order to Show Cause must be quashed.

28 U.S.C. § 636(e) provides:

(e) In a proceeding before a magistrate, any of the following acts or conduct shall constitute a contempt of the district court for the district wherein the magistrate is sitting: (1) disobedience or resistance to any lawful order, process, or writ; (2) misbehavior at a hearing or other proceeding, or so near the place thereof as to obstruct the same; (3) failure to produce, after having been ordered to do so, any pertinent document; (4) refusal to appear after having been subpenaed or, upon appearing, refusal to take the oath or affirmation as a witness, or, having taken the oath or affirmation, refusal to be examined according to law; or (5) any other act or conduct which if committed before a judge of the district court would constitute contempt of such court. Upon the commission of any such act or conduct, the magistrate shall forthwith certify the facts to a judge of the district court and may serve or cause to be served upon any person whose behavior is brought into question under this section an order requiring such person to appear before a judge of that court upon a day certain to show cause why he should not be adjudged in contempt by reason of the facts so certified. A judge of the district court shall thereupon, in a summary manner, hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a judge of the court, or commit such person upon the conditions applicable in the case of defiance of the process of the district court or misconduct in the presence of a judge of that court.

■ Under § 636(e) a federal district judge adjudicates and punishes contempts which occur before a United States magistrate. The magistrate, however, initiates the process by certifying to the district judge the facts which may constitute contempt and by issuing an order that the person whose behavior is at issue show cause before the district judge why he should not be adjudged in contempt. *See, e.g., United States v. Flynt,* 756 F.2d 1352 (9th Cir.1985); *In re Kirk,* 641 F.2d 684 (9th Cir.1981); *Proctor v. State Gov't of North Carolina,* 830 F.2d 514 (4th Cir. 1987). The Ninth Circuit Court of Appeals held in *United States v. Ritte,* 558 F.2d 926 (9th Cir.1977), that contemptuous acts committed in the presence of a magistrate must be referred to a district judge for adjudication and that the magistrate is without jurisdiction to adjudicate the person who committed the acts in contempt.

■ Under 28 U.S.C. § 636(e), then, the Magistrate is without jurisdiction to enter-

tain the contempt hearing contemplated in the Order to Show Cause.

Moreover, the Court can ascertain no authority aside from this Court's contempt powers which could support an order of sanctions in this situation. Any sanctions which could be imposed here would be in the nature of an adjudication of criminal contempt.

The Court must grant the Motion to Quash.

This determination in no way precludes the Magistrate from certifying the facts underlying this matter to this Court and issuing an order that Mr. Kitterman appear before this Court to show cause why he should not be held in contempt. The record reveals that this is a matter of criminal—as opposed to civil—contempt, and, therefore, a subsequent order to show cause should comply with Fed.R.Crim.P. 42(b). Further, such an order to show cause should designate the matter one of criminal contempt (if such is indeed the case), and indicate whether a penalty of over six months imprisonment and/or a fine of five hundred dollars is to be possible; if so, the defendant would have the right to a jury trial.

As a final note, the parties are advised that a separate court file will be created for this contempt proceeding. Any further filings relative to this proceeding shall be filed under the caption and case number which appear on this order.

IT IS, THEREFORE, HEREBY ORDERED that the Motion to Quash (docket # 9) of Mr. Samuel A. Kitterman, Jr., is GRANTED. The Order to Show Cause (docket. # 8) issued by the United States Magistrate on August 11, 1988, is QUASHED.

IT IS FURTHER ORDERED that the Clerk of the Court shall create a separate court file for this contempt proceeding. The proceeding shall be entitled *In re Samuel A. Kitterman, Jr.,* and a new case number shall be assigned to it. The new file shall include the Order to Show Cause and the Motion to Quash, which shall be removed from the file involving *United States v. Brown,* CR–N–88–33–ECR, as well as this order and any further filings related to these contempt proceedings.

IT IS FURTHER ORDERED that this matter shall be referred to the United States Magistrate for further consideration.

## ON MOTION TO QUASH

The matter before the Court involves the scope of a United States Magistrate's contempt authority under 28 U.S.C. § 636(e).

The facts underlying this matter are relatively straightforward. On August 3, 1988, United States Magistrate Phyllis Halsey Atkins appointed the office of the Federal Public Defender to represent a defendant at an arraignment scheduled for August 9, 1988, at 10:00 a.m. Magistrate Atkins was informed that Mr. Kitterman, an Assistant Federal Public Defender, had been assigned to represent this defendant. At the time set for arraignment, however, neither Mr. Kitterman nor any other member of the Federal Public Defender's Office was present.

On August 11, 1988, the Magistrate issued an Order to Show Cause. This Order directed Mr. Kitterman to appear before the Magistrate to show cause why he should not be held in contempt of court and sanctioned for his apparent failure to appear. This Court quashed that order on the ground that 28 U.S.C. § 636(e) prohibits magistrates from adjudicating contempt charges arising from proceedings before them.

On September 12, 1988, the Magistrate issued another Order to Show Cause. This second Order (hereinafter, "the Order") instructed Mr. Kitterman to appear before the Magistrate to show cause why the Magistrate should not certify the facts of this matter to a District Court judge pursuant to 28 U.S.C. § 636(e) for contempt proceedings.

Kitterman now moves to quash the Order. He attacks the Order with three independent arguments: (1) the Order violates the certification process described in 28 U.S.C. § 636(e); (2) the Order violates the reasonable notice provision of Fed.R.

Crim.P. 42(b); (3) the Magistrate is too personally involved in the matter to conduct the ordered hearing.

### I. *Scope of 28 U.S.C. § 636(e)*

The contempt authority of United States magistrates is set forth in 28 U.S.C. § 636(e). The relevant portion of the subsection provides that:

> Upon the commission of any such act or conduct [contemptual in nature], the magistrate shall forthwith certify the facts to a judge of the district court and may serve or cause to be served upon any person whose behavior is brought into question under this section an order requiring such person to appear before a judge of that court upon a day certain to show cause why he should not be adjudged in contempt by reason of the facts so certified. A judge of the district court shall thereupon, in a summary manner, hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a judge of the court. . . .

■■■] The language of 28 U.S.C. § 636(e) neither explicitly authorizes nor prohibits magistrates from holding a show cause hearing to determine whether to proceed with the certification process. Kitterman argues that since § 636(e) does not explicitly authorize a preliminary show cause hearing before a magistrate, such a hearing must be prohibited. This argument, however, presumes an unduly restrictive view of the power of magistrates. Magistrates are not restricted to only specific statutory grants of authority. *See In re Establishment Inspection of Gilbert & Bennet Mfg. Co.*, 589 F.2d 1335, 1340 (7th Cir.) (allowing magistrates to issue OSHA inspection warrants), *cert. denied sub nom Marshall v. Chromalloy Am. Corp.*, 444 U.S. 884, 100 S.Ct. 174, 62 L.Ed.2d 113 (1979). Instead, magistrates may exercise "all powers and duties conferred or imposed upon United States Commissioners" as well as "such additional duties as are not inconsistent with the Constitution and Laws of the United States." 28 U.S.C. § 636(a)(1), § 636(b)(3).

■■■] Hence, the issue is whether the preliminary show cause hearing ordered by the Magistrate is inconsistent with the certification process described in § 636(e). The certification procedure is designed to prevent magistrates from adjudicating contempt charges arising from their own orders and observations. The purpose of this procedure is to have a neutral arbiter preside at a contempt trial. *See United States v. Wright*, 516 F.Supp. 1113, 1119 (E.D.Pa. 1981).

The Order requiring Kitterman to show cause why the Magistrate should not certify this matter to a District Court judge in no way undermines the "neutral arbiter" purpose of § 636(e). The Order merely provides Kitterman with an opportunity to explain his conduct to the Magistrate prior to the matter being certified for a full-blown contempt trial. If the Magistrate finds Kitterman's explanation to be satisfactory, she may choose not to certify the matter for further proceedings. If this result occurs, the Magistrate's preliminary show cause hearing will have been an efficient means of disposing of the matter. On the other hand, should the Magistrate not be satisfied with Kitterman's explanation, she cannot adjudicate the matter herself, but must follow the certification process of § 636(e). Thus, Kitterman is assured of receiving a neutral arbiter if the Magistrate elects to pursue contempt charges against him.

The Order is not inconsistent with 28 U.S.C. § 636(e). Under that section, the Magistrate has the power to initiate contempt proceedings by certifying to a District Court judge the facts which allegedly constitute contempt. Such power necessarily includes the less intrusive power of ordering a show cause hearing to determine whether such certification is proper.

### II. *Applicability of Fed.R.Crim.P. 42(b)*

Kitterman's second argument is that the Order violates Fed.R.Crim.P. 42(b). He claims that this Court ordered Magistrate Atkins to comply with Rule 42(b) and that

the Order is defective in two respects. He claims that the Order did not provide him with a reasonable opportunity to prepare a defense and that the Order omitted essential facts. This argument fails for two reasons.

■ First of all, the Order is not subject to the dictates of Fed.R.Crim.P. 42(b). As this Court stated in its Order of August 26, 1988, that rule would apply to an Order requiring Kitterman *to appear before a District Court judge* to show cause why he should not be held in contempt. The Order at issue, however, merely requires Kitterman to appear before the Magistrate to show cause why she should not certify the matter to a District Court judge. The difference between these respective orders is much like the difference between pre-indictment and post-indictment investigations. Once the Magistrate decides to certify the matter, Kitterman is subject to prosecution for criminal contempt and merits the procedural protections embodied in Rule 42(b). *Cf. United States v. McCargo,* 783 F.2d 507, 509 (5th Cir.1986). Prior to certification, however, the Magistrate is simply conducting investigative proceedings which do not trigger Rule 42(b).

Secondly, even if Fed.R.Crim.P. 42(b) did apply to the Order, the requirements of this rule were satisfied. Kitterman contends that he did not receive proper notice of the Order and that the Order did not provide him with a reasonable opportunity to prepare a defense. Kitterman admits, however, that he learned of the Order on September 14, 1988, and that the Order does not require him to show cause until September 21, 1988. The purpose of Rule 42(b) is to provide the contemnor with an opportunity to prepare a defense. Consequently, even in the absence of formal notice, actual notice may satisfy the due process requirements of this Rule. *See United States v. Lumumba,* 598 F.Supp. 209, 211 (S.D.N.Y.1984), *aff'd,* 794 F.2d 806 (2d Cir.), *cert. denied,* 479 U.S. 855, 107 S.Ct. 192, 93 L.Ed.2d 125 (1986). Since the facts in the instant case are rather simple, seven days of actual notice are more than adequate to prepare a defense. *See In re*

*Timmons,* 607 F.2d 120, 125 (5th Cir.1979) (two days constituted adequate notice of criminal contempt charges); *cf. United States v. Hawkins,* 501 F.2d 1029, 1031 (9th Cir.) (one day constituted adequate notice of civil contempt charge), *cert. denied,* 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974).

■ Kitterman also contends that the Order failed to state essential facts. He feels that the Order should have contained exculpatory information of which the Magistrate may have been advised. Under Rule 42(b), however, the Order need contain only "the essential facts *constituting* the criminal contempt." Fed.R.Crim.P. 42(b) (emphasis added.) Any exculpatory information obviously did not constitute the alleged contempt and, therefore, its inclusion was not mandated by Rule 42(b). Moreover, Kitterman is free to present exculpatory material to the Magistrate during the show cause hearing.

■ Kitterman also complains that the Order did not specify the nature of the contempt charges or their potential penalties. This Court's Order of August 26, 1988, provided Kitterman with ample notice of the possibility that the contempt may be criminal in nature. *See United States v. Rylander,* 714 F.2d 996, 1004 (9th Cir. 1983), *cert. denied,* 467 U.S. 1209, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984). The Magistrate has no duty to describe the possible penalties that Kitterman faces prior to the preliminary show cause hearing. That duty only arises if the Magistrate chooses to certify the matter to a District Court judge.

Thus, the Order does not violate Fed.R. Crim.P. 42(b).

### III. *Propriety of Magistrate Conducting the Ordered Hearing*

■ Kitterman's third and final challenge to the Order involves the propriety of the Magistrate conducting the ordered hearing. Kitterman contends that the Magistrate must recuse herself because the alleged contempt involved disrespect to her and because she is a material witness

to the events. The crux of these contentions is that the Magistrate is too personally involved in this matter to conduct an impartial hearing.

These contentions indicate a misunderstanding of the nature of the hearing ordered by the Magistrate. The Magistrate will not be determining whether Kitterman is guilty of criminal contempt. She will not be acting as an impartial fact-finder. Instead, she simply will be investigating Kitterman's explanation for his failure to appear in order to decide whether further contempt proceedings are warranted. 28 U.S.C. § 636(e) clearly empowers the Magistrate to certify the matter for further contempt proceedings without recusing herself. As a lesser included power, therefore, the Magistrate can conduct a hearing to determine whether certification is appropriate.

IT IS, THEREFORE, HEREBY ORDERED that Kitterman's Emergency Motion to Quash (document # 6) is DENIED.

IT IS FURTHER ORDERED that Kitterman's Motion to Stay Pending Review of His Motion to Quash (document # 5) is DISMISSED.