**Ernest C. ALDRIDGE, Plaintiff,**

**v.**

**David YOUNG, George Skelly, Larma M. Volk, John Does and Jane Roes 1 to 100, Defendants.**

**No. CV–N–90–18–ECR.**

United States District Court, D. Nevada.

Oct. 21, 1991.

Ernest C. Aldridge, pro se.

Cheryl A. Lau, Deputy Atty. Gen., Carson City, Nev., for defendants.

### ORDER

EDWARD C. REED, Jr., Chief Judge.

This matter is before the Court on the Certification and Order to Show Cause issued by United States Magistrate–Judge Phyllis Halsey Atkins September 23, 1991 (document # 26). Pursuant to 28 U.S.C. § 636(e) the Magistrate–Judge certified to this court facts that indicated Plaintiff/Contemnor's refusal to produce doc-

uments at a hearing on June 25, 1991, failure to appear and refusal to produce documents at a second hearing on July 24, 1991, and failure to appear at a third hearing on September 5, 1991.

## I. BASIS FOR THE MAGISTRATE'S CERTIFICATION

An order granting Defendants attorney's fees and costs in the underlying matter was entered by this court on February 8, 1991 (document # 11). Subsequently, judgment was entered against Contemnor in the amount of $2,374.00 on April 16, 1991 (document # 13). Pursuant to the court's order of May 28, 1991 (document # 16) the matter was referred to the Magistrate–Judge who in turn ordered Contemnor to provide certain designated financial documents and submit to an examination of a judgment debtor as provided for by Fed. R.Civ.P. 69 (document # 17).

At the debtor examination hearing of June 25, 1991 Contemnor refused to produce the necessary financial documents which the Magistrate–Judge had previously ordered him to bring. At that time, in the presence of the Contemnor, the Magistrate–Judge ordered the hearing continued to July 24, 1991 and ordered the Contemnor to bring the requested documents at that time. These orders are reported in the minutes of the June 25 hearing (document # 21) a copy of which was mailed to the Contemnor. Contemnor did not appear at the hearing of July 24, 1991.

On July 29, 1991 the Magistrate–Judge ordered Contemnor to appear on September 5, 1991 to show cause why his failure to appear at the July 24 hearing and his refusal to produce the requested documents at both the June 25 and July 24 hearings should not be certified to the district judge for an adjudication of contempt pursuant to 28 U.S.C. § 636(e) (see document # 23). This order to appear and show cause was personally served on Contemnor (see document # 24). The Contemnor did not appear at the September 5 hearing either. In response, the Magistrate–Judge certified these facts to this court and ordered Contemnor to appear before the Honorable Edward C. Reed, Jr. on October 25, 1991 to show cause why he should not be held in contempt of this court (document # 26). The present order will explain and govern further contempt proceedings.

## II. NATURE OF THE CONTEMPT PROCEEDING UNDER SECTION 636(e)

### A. *Criminal v. Civil Contempt*

■ Under 28 U.S.C. § 636(e) failure to produce documents and refusal to appear before the Magistrate–Judge constitute contempt of the district court in which that Magistrate–Judge sits. Upon the commission of such acts or misconduct:

the magistrate shall forthwith certify the facts to a judge of the district court and may serve or cause to be served upon any person whose behavior is brought into question under this section an order requiring such person to appear before a judge of that court upon a day certain to show cause why he should not be adjudged in contempt by reason of the facts so certified. A judge of the district court shall thereupon, in a summary manner, hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a judge of the court....

(Emphasis supplied). This court has previously expressed its approval of this procedure. *See In re Kitterman*, 696 F.Supp. 1366 (D.Nev.1988). However, the court has never considered whether such a contempt proceeding should be considered civil or criminal.

The Supreme Court has distinguished between civil and criminal contempt on the basis of the nature of the relief granted; if the relief is coercive or compensatory, the contempt is civil; if the relief is a determinate sentence and therefore meant to be punitive, the contempt is criminal. *Hicks v. Feiock*, 485 U.S. 624, 631–35, 108 S.Ct. 1423, 1429–31, 99 L.Ed.2d 721 (1988). It is not clear from the face of § 636(e) whether Congress contemplated civil contempt, criminal contempt, or both when it enacted the statute. Also, there is very little case

law on § 636(e) to guide the court. However, at least two other district courts have dealt with this issue.

In *Miami Valley Carpenters v. Scheckelhoff,* 123 F.R.D. 263 (S.D.Ohio 1988) the court measured § 636(e) against the Supreme Court's distinction between civil and criminal contempt in *Hicks* and concluded that:

> § 636(e) appears to deal with criminal contempt. It provides that when a magistrate certifies facts allegedly constituting contempt, the district judge is to determine if the conduct complained of "is such as to warrant *punishment*" and if so, "*punish* such person." (Emphasis supplied).... [This] conclusion ... is reinforced ... by the kinds of conduct mentioned as constituting contempt, largely acts of direct contempt tending to disrupt ongoing judicial proceedings and therefore acts usually dealt with by criminal contempt sanctions.

*Id.* at 267–68. Another district court agreed, stating that the word "punishment" as used in the statute implies criminal contempt. *Nielsen v. Gunter,* No. 83–682, slip op. at 4, 1986 WL 6480 (D.Neb. June 5, 1986).

The court finds that based on the statute, the above authorities, and on the fact that the proceeding is more for the purpose of punishing Contemnor and not for the purpose of ensuring his future compliance, this action is clearly a criminal contempt proceeding.

**B.** *Criminal Contempt Proceedings Under Rule 42*

■ Fed.R.Crim.P. 42 describes the proper procedures for commencing a criminal contempt proceeding. Under subsection (a) of Rule 42 a judge may summarily punish a contemnor if the misconduct was committed in the actual presence of the court. Rule 42(a) does not require a special indictment or notice; as the language indicates, the judge may make *summary disposition* of the contempt charge.

Although the conduct complained of in the present case did not occur in the presence of a district judge, § 636(e) provides that once a Magistrate–Judge has certified the contempt action before a district judge the "judge of the district court shall thereupon, *in a summary manner,* hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person *in the same manner and to the same extent as for a contempt committed before a judge of the court."* The language appears to require that the district judge treat criminal contempt committed before the Magistrate–Judge summarily, i.e. as described in Rule 42(a).

The legislative history of § 636(e) supports this conclusion:

> Proposed 28 U.S.C. 633(d) [sic][1] also empowers the district court to which the magistrate has certified the facts of an alleged contempt to try *in a summary manner* and punish or commit one whose conduct the court finds warrants punishment or commitment, *just as though the contempt had been committed in the presence of the court.*

S.Rep.No. 371, 90th Cong., 1st Sess. (1967) (Emphasis and footnote supplied).

The court, therefore, finds that the contempt proceeding against Contemnor should proceed as a summary disposition as proscribed by Fed.R.Crim.P. 42(a).[2]

---

**1.** 28 U.S.C. § 633(d) is the former numbering of the present 28 U.S.C. § 636(e).

**2.** One might still insist that any criminal contempt proceeding based on action or conduct not actually witnessed by the district judge should proceed under the full procedural requirements of Rule 42(b) and not as a summary disposition under 42(a). This is not a Rule 42(b) case, but even if it were, the requirements of that section have been met.

Some authorities have hinted that the Magistrate–Judge's certification can itself, if properly served on the contemnor, suffice as the procedural device to institute contempt proceedings just like an indictment. *United States v. McCargo,* 783 F.2d 507, 509 (5th Cir.1986). Additionally, this court has previously ruled that since the main purpose of Rule 42(b) is to provide the contemnor with an opportunity to prepare a defense, actual advance notice of the Magistrate–Judge's order to appear and show cause will satisfy the procedural requirements of Rule 42(b). *In re Kitterman,* 696 F.Supp. 1366, 1371 (D.Nev.1988).

### III. PURPOSE OF THE CONTEMPT HEARING

This court shall conduct a hearing for the purpose of determining whether Contemnor should be held in criminal contempt of the U.S. District Court for the District of Nevada for failing to produce documents and for refusal to appear before the United States Magistrate–Judge. In the interests of fairness and justice this hearing will be continued from its previously scheduled time on October 25, 1991 to the new time of Tuesday, November 26 at 3:00 pm.

At this hearing, the court shall provide Contemnor the opportunity to make any statements on his own behalf that would tend to mitigate a finding of contempt.

After Contemnor has spoken the court shall forthwith decide whether he should be found to be in criminal contempt, and if so, shall determine what sentence shall be imposed upon him at that time. No such sentence shall exceed six months in jail or a fine of $500.00.

Attorney for Defendant Judge Larma M. Volk shall arrange to have Contemnor *personally served* with copies of this order and the "Certification and Order to Show Cause" of the Magistrate–Judge (document # 26) no later than ten (10) days prior to the date of the hearing on Tuesday, November 26, 1991.

If Contemnor fails to appear at the hearing on Tuesday, November 26, 1991 at 3:00 pm the court will consider whether a bench warrant shall be issued for the arrest of Contemnor for criminal contempt for failure to appear at the hearing. If such a warrant is issued, Contemnor shall forthwith be arrested by United States Marshals and brought before this court for an initial appearance on an additional charge of criminal contempt arising on account of Contemnor's failure to appear on November 26. The maximum sentence for this additional criminal contempt charge shall not exceed six months in jail or a fine of $500.00.

IT IS, THEREFORE, HEREBY ORDERED that the hearing formerly scheduled for Friday, October 25, 1991, at 4:00 pm shall be continued to *Tuesday, November 26, 1991 at 3:00 pm.*

IT IS FURTHER ORDERED that Attorney for Defendant Judge Larma M. Volk (Washoe County Deputy District Attorney Chester H. Adams) shall arrange to have Contemnor *personally served* with copies of this order and the "Certification and Order to Show Cause" of the Magistrate–Judge (document # 26) no later than ten (10) days prior to the date of the hearing on Tuesday, November 26, 1991.