54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Walter J. LAWRENCE, Defendant-Appellant.
 No. 94-2309.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1995.
 
 Before: BROWN, KENNEDY, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a judgment of conviction on two counts of criminal contempt in violation of 18 U.S.C. Secs. 401(3) and 2. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 On July 12, 1994, Walter J. Lawrence was convicted by a jury on two counts of criminal contempt. Lawrence was found guilty of filing two bankruptcy petitions in the Northern District of Indiana in contempt of a February 19, 1991, order by the Bankruptcy Court for the Western District of Michigan which barred him from "filing any further cases until all cases now pending are closed and all appellate proceedings have been completed." Lawrence moved for a judgment of acquittal asserting that there were errors arising from a misstatement of where the crime was committed, he was denied his right to confront a witness, and his conviction violated the Double Jeopardy Clause. The district court denied the motion for judgment of acquittal. On October 28, 1994, the district court sentenced Lawrence to twelve months of imprisonment. Lawrence appeals the judgment of conviction and sentence.
 
 
 3
 On appeal, Lawrence claims that: 1) he was prosecuted in violation of the Double Jeopardy Clause; 2) he did not violate 18 U.S.C. Sec. 401(3) because the bankruptcy court is not a "court" as contemplated by the statute; 3) the district court determined that the bankruptcy court was not a court as contemplated by 18 U.S.C. Sec. 401(3), thus precluding his violation of the statute; 4) the district court improperly denied his motion for a change of venue; 5) he could not be imprisoned because he paid the special assessment, and the assessment was punishment for purposes of the Double Jeopardy Clause; 6) the government did not prove the elements of the offenses set out in the indictment; and 7) he was denied the right to confront a witness against him.
 
 
 4
 Upon review, we affirm the district court's judgment. Lawrence was not prosecuted in violation of the Double Jeopardy Clause because jeopardy had not attached in the bankruptcy court proceeding as it lacked jurisdiction over the case. See Rafoth v. National Union Fire Ins. Co. (In re Baker & Getty Financial Servs., Inc.), 954 F.2d 1169, 1173-74 (6th Cir. 1992); Schlang v. Heard, 691 F.2d 796, 798 (5th Cir. 1982), cert. denied and appeal dismissed, 461 U.S. 951 (1983); see also Guam v. Fejeran, 687 F.2d 302, 303 (9th Cir. 1982) (an accused cannot be placed in jeopardy by a court lacking jurisdiction to decide his case), cert. denied, 460 U.S. 1045 (1983). The district court and not the bankruptcy court imposed the criminal contempt in this case under 18 U.S.C. Sec. 401(3), and a criminal contempt action is within the district court's jurisdiction. See United States v. Guariglia, 962 F.2d 160, 162-63 (2d Cir. 1992); Sanders Confectionery Products, Inc. v. Heller Fin., Inc., 973 F.2d 474, 483 (6th Cir. 1992), cert. denied, 113 S. Ct. 1046 (1993). The district court properly denied Lawrence's motion for a change of venue as a contempt proceeding arising from a violation of an injunction is fundamentally connected to the court issuing the order. Waffenschmidt v. Mackay, 763 F.2d 711, 716 (5th Cir. 1985), cert. denied, 474 U.S. 1056 (1986). A special assessment does not constitute a multiple punishment for the same offense because it is not a "fine." United States v. McCargo, 783 F.2d 507, 510 (5th Cir. 1986). In addition, the district court did not impose either a fine or a special assessment in this case. Lawrence's sentence included only a term of custody of twelve months to run concurrently on each count. Lawrence paid a $100 special assessment in advance of sentencing at the suggestion of the United States Attorney's Office. That suggestion is not an order of the court. In fact, the district court specifically declined to order the payment of a special assessment in this case. Finally, there is no error in the indictment or in the proofs, and Lawrence was not denied an opportunity to cross-examine Judge Nims because the judge was not a witness that appeared in the case to testify against Lawrence.
 
 
 5
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.