89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter J. LAWRENCE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2284.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1996.
 
 1
 Before: MILBURN and SUHRHEINRICH, Circuit Judges; JORDAN, District Judge.*
 
 ORDER
 
 2
 This is an appeal from a judgment denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1994, Walter Lawrence was convicted after a jury trial on two counts of criminal contempt and aiding and abetting, in violation of 18 U.S.C. §§ 401(3) and 2, and received an aggregate 12 month term of imprisonment. A panel of this court affirmed the conviction and sentence in all respects on direct appeal. United States v. Lawrence, No. 94-2309, 1995 WL 302247 (6th Cir. May 17, 1995) (order), cert. denied, 116 S.Ct. 79 (1995).
 
 
 4
 In 1995, Lawrence filed a § 2255 motion (and a supplement) in which he challenged the constitutionality of his contempt conviction on two grounds. The district court denied the motion but addressed only one ground for relief. This appeal followed. The parties have briefed the issues; Lawrence is proceeding without benefit of counsel.
 
 
 5
 Walter Lawrence filed a series of bankruptcy petitions in the Bankruptcy Court for the Western District of Michigan from 1989 through 1991. In 1991, the bankruptcy court enjoined Lawrence from filing any further cases until his pending cases were resolved and any resulting appellate proceedings were concluded. Lawrence promptly filed two more actions in the Bankruptcy Court for the Northern District of Indiana. Lawrence's Indiana actions were dismissed and the district court ultimately imposed two monetary sanctions under the authority of Fed.R.Civ.P. 11.
 
 
 6
 The Bankruptcy Court for the Western District of Michigan originally found Lawrence guilty of criminal contempt pursuant to Fed.R.Bankr.P. 9020(c). This finding was invalidated on appeal to the district court, however, for want of jurisdiction. In re Walter J. Lawrence, 164 B.R. 73 (W.D.Mich.1993). Lawrence was thereafter prosecuted in the Western District of Michigan on two counts of aiding and abetting in a criminal contempt, in violation of 18 U.S.C. §§ 401(3) and 2, in response to his Indiana bankruptcy filings. He was convicted and took a direct appeal to this court in which he challenged the conviction on constitutional grounds as well as trial error. The panel rejected Lawrence's appeal on the merits.
 
 
 7
 Lawrence's present § 2255 motion encompasses two claims. Lawrence first contends that, as he was sanctioned in Indiana federal court for his bankruptcy filings, his subsequent criminal contempt conviction based on those same filings amounted to double jeopardy. Lawrence also contended that his criminal contempt prosecution in district court was the product of improper prosecutorial vindictiveness. The district court denied the motion but, in so doing, addressed only the double jeopardy claim.
 
 
 8
 It is initially noted that Lawrence could have raised both claims contained in his motion to vacate on direct appeal but chose not to do so. Lawrence does not offer any explanation for this omission. It is clear that a § 2255 motion to vacate will not serve as a substitute for a direct appeal. Claims that could have been raised on direct appeal but were not will not be entertained in a § 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982). Lawrence has never undertaken to explain the reason for his failure to contest these claims in his direct appeal when he could have done so and is thus now precluded from pursuing these claims in a collateral attack.
 
 
 9
 A cursory examination of Lawrence's claims reflects that they lack merit in any event. We initially note that Lawrence urges this court to reach the merits of both claims presented, even though the district court did not do so. We shall do so as we find that it would serve no purpose to remand for consideration of a patently frivolous claim.
 
 
 10
 There is every indication of record that the monetary sanctions imposed in Indiana and the criminal charges brought in Michigan were not in response to the same conduct as alleged by Lawrence. His double jeopardy claim is thus meritless. Lawrence's second claim is equally specious. Lawrence contends that the government had an improper motive when they indicted him in federal district court following the dismissal of the bankruptcy court's contempt citation. Lawrence notes that the addition of the aiding and abetting charge ("upping the ante") is indicative of the prosecution's desire to punish him for his successful challenge of the bankruptcy court's contempt citation. Aiding and abetting in the commission of a federal offense is not a crime separate and apart from the commission of the underlying offense. 18 U.S.C. § 2(a). The government did not "up the ante" on Lawrence as he contends and no other evidence of vindictiveness is alleged or apparent. This claim lacks merit.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation