**EL POLLO LOCO, S.A.
DE C.V., Plaintiff,**

v.

**EL POLLO LOCO, INC., Defendant.**

**No. CIV.A. L–04–48.**

United States District Court,
S.D. Texas,
Laredo Division.

Nov. 5, 2004.

Edward C. Snyder and Vincent A. Notzon of Martin Dought & Torres, Inc., San

Antonio, TX, for Plaintiff El Pollo Loco S.A. de C.V.

Lawrence P. Bemis and Mark T. Cramer of Kirkland & Ellis LLP in Los Angeles, CA, Ricardo E. Morales of Person, Whitworth, Ramos, Borchers and Morales, LLP, Laredo, TX, for Defendant El Pollo Loco, Inc.

## MEMORANDUM AND ORDER

ELLISON, District Judge.

Pending before the Court are Defendant's Request for Judicial Notice, Defendant's Motion to Dismiss or, in the alternative, Motion to Determine Foreign Law, Plaintiff's Motion to File an Amended Complaint, Plaintiff's Motion for Expedited Discovery, and Plaintiff's Motion for Partial Dismissal of Counterclaim. The Court addresses each of these Motions in turn.

## I. Facts

Plaintiff El Pollo Loco, S.A. de C.V. ("EPL–Mexico") is a Mexican corporation. Defendant El Pollo Loco, Inc. ("EPL–USA") is incorporated in Delaware, with its principal place of business in California. The parties entered an Intellectual Property Acquisition Agreement ("Agreement") on February 22, 1996. Prior to the Agreement, Plaintiff owned the rights in Mexico to the El Pollo Loco ("EPL") trademarks, trade names, copyrights, trade secrets, trade practices, and the rights to a number of franchise and license agreements with Mexican franchisees (collectively, "Intellectual Property"). Plaintiff agreed to transfer to Defendant all of its rights to the Intellectual Property, and in exchange, Defendant gave Plaintiff an exclusive, royalty-free license within specified Mexican territories to use the Intellectual Property and any intellectual property that Defendant subsequently developed; agreed to open twenty-five EPL stores in Mexico over a period of ten years and pay the franchise fees to Plaintiff; and agreed to exploit the Intellectual Property in Mexico. The Agreement contains a choice of forum clause, designating that disputes be argued in this Court, and a choice of law clause, selecting Mexican law to govern the disputes.

## II. Procedural History

Despite the choice of forum clause, Plaintiff originally filed this action in Texas state court; Defendant removed to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff brings causes of action against Defendant for: 1) breach of contract, 2) breach of the duty of good faith and fair dealing, 3) infringement and misappropriation/conversion of trademark and trade secrets and conspiracy to infringe and misappropriate trademark and trade secrets, 4) tortious interference with actual and prospective contract and business relationships and conspiracy to commit such, and 5) fraud and conspiracy to commit fraud. These claims are based on both contract and tort law. Defendant has filed a counterclaim for breach of contract.

## III. Defendant's Request for Judicial Notice

Defendant requests that the Court take judicial notice of the Agreement. Federal Rule of Evidence 201 allows a court to take judicial notice of a fact that is not subject to reasonable dispute because it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R.Evid. 201(b)(2). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed.R.Evid. 201(d). A district court can take judicial notice of documents in the record. *United States v. McCargo*, 783 F.2d 507, 509 (5th Cir.1986).

The record contains the redacted Agreement, submitted by Plaintiff, and the unre-

dacted Agreement, submitted by Defendant. Other than the redactions, the two versions are identical; there is no reason to question the accuracy of the Agreement. The Court hereby **GRANTS** Defendant's Request for Judicial Notice.

## IV. Defendant's Motion to Dismiss

The parties disagree about what law applies to the claims presented. Plaintiff asserts tort and contract claims, and refers only to Texas law in stating these claims. Defendant argues that all of Plaintiff's claims should be presented under Mexican law, and therefore the Court should either dismiss Plaintiff's complaint for failing to state a claim under applicable law, or declare that Mexican law applies to this case and allow the parties to submit evidence of relevant Mexican law. Defendant further alleges that Plaintiff has improperly brought its claims for fraud and tortious interference with existing and prospective contracts.

The Agreement has a Dispute Resolution Clause stating:

> All disputes which may arise in connection with the performance of this Agreement which cannot be resolved by means of negotiation will be resolved by the United States District Court For the Souther (sic) District of Texas, Laredo, (sic) Division. Governing laws shall be those of Mexico. EPL–USA expressly waives any rights under the laws of the USA which may be in conflict with this provision.

Defendant argues that Mexican law should govern all of Plaintiff's claims, whether based in tort or contract, because they "arise in connection with the performance of th[e] Agreement." In the alternative, Defendant argues that if the Court finds that the Dispute Resolution Clause does not apply to Plaintiff's tort claims, then application of Texas choice of law rules determines that Mexican law governs the tort claims.

Plaintiff denies that Mexican law applies to its contract claims, but offers no justification for this assertion. Plaintiff also argues that, even if the Dispute Resolution Clause applies to its contract claims, it should be narrowly construed so as not to apply to its tort claims. Instead, Plaintiff urges the Court to apply the Texas choice of law rules to determine that Texas law governs its tort claims.

### A. Choice of Law Clause

■ Parties may agree that the law of a certain nation shall govern their rights and duties with respect to a transaction, so long as the transaction bears a reasonable relation to such nation. Tex. Bus. & Comm.Code § 1.301(a) (Vernon 2004). The Supreme Court has consistently held that forum selection and choice of law clauses are presumptively valid, and has "instructed American courts to enforce such clauses in the interests of international comity and out of deference to the integrity and proficiency of foreign courts." *Mitsui & Co. (USA) v. Mira M/V,* 111 F.3d 33, 35 (5th Cir.1997). "Texas choice of law principles give effect to choice of law clauses if the law chosen by the parties has a reasonable relationship with the parties and the chosen state, and the law of the chosen state is not contrary to a fundamental policy of the state." *Caton v. Leach Corp.,* 896 F.2d 939, 942 (5th Cir. 1990).

■ The choice of law clause in the Agreement states that Mexican law applies to all disputes that "arise in connection with the performance of this Agreement." Because there is a reasonable relationship between the Agreement and Mexico, and there is no evidence that Mexican law is contrary to a fundamental policy of Texas, the Court finds that the choice of law clause is valid.

■ The choice of law clause plainly governs Plaintiff's contract claims, but it is not equally clear whether it also applies to Plaintiff's tort claims. The Fifth Circuit has narrowly construed choice of law clauses so as only to apply to contract claims, and not tort claims arising out of the contractual dispute; however, the choice of law clauses that have been narrowly construed have also been more narrowly written than the clause at issue here. *See, e.g., Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 727 (5th Cir.2003); *Caton,* 896 F.2d at 942–43.

In *Benchmark,* where the choice of law clause stated that the "Agreement shall be governed by, and construed in accordance with, the internal laws of the State of New York," the court held that it would construe the agreement under New York law, but that Benchmark's tort claims were not governed by the narrow choice of law provision. *Benchmark,* 343 F.3d at 726. Likewise, in *Caton,* the choice of law clause said that the "Agreement shall be construed under the laws of the State of California," and the court held that this narrow clause did not apply to Caton's tort claim. *Caton,* 896 F.2d at 942–43. Plaintiff argues that the choice of law clause in this case, which states that Mexican law governs "[a]ll disputes which may arise in connection with the performance of this Agreement which cannot be resolved by means of negotiation," should also be narrowly interpreted so as not to apply to Plaintiff's tort claims.

Defendant cites *Valero Energy Corp. v. Wagner & Brown II,* 777 S.W.2d 564 (Tex. App.—El Paso 1989, writ denied), to support its argument that the choice of law clause in this case should be interpreted to apply to Plaintiff's tort claims because the claims are intertwined with the Agreement and therefore "arise in connection with the performance of th[e] Agreement." In *Va-*

*lero,* the parties entered into a contract that had an arbitration clause, which stated that the parties agreed to submit all disputes to arbitration "in the case of any disagreement arising under this Contract." *Valero,* 777 S.W.2d at 565. The court held that "when the parties have agreed to arbitrate any dispute or disagreement 'arising under the contract,' all disputes of whatever nature, including those sounding in tort, that are directly and closely related to the performance of the contract … are subject to arbitration." *Id.* at 567. Defendant argues that the same reasoning should apply to the interpretation of the choice of law clause here because its broad wording is similar to the arbitration clause in *Valero;* therefore, since Plaintiff's tort claims are directly and closely related to the performance of the contract, they are covered by the choice of law clause.

The Court recognizes that the phrase "[a]ll disputes which may arise in connection with the performance of this Agreement" is broader than the choice of law clauses at issue in *Benchmark* and *Caton,* which only govern how the respective agreements "shall be construed," and more closely resembles the phraseology of the arbitration clause in *Valero.* Given the wording of the choice of law clause in the Agreement, the Court finds that the choice of law clause applies to Plaintiff's tort claims, as well as its contract claims, because the tort claims are disputes that are connected "with the performance of th[e] Agreement." Therefore, Mexican law applies to all of Plaintiff's claims.

### B. Texas Choice of Law Rules

■ Even if the choice of law clause did not apply to Plaintiff's tort claims, application of Texas choice of law rules would produce the same result: that Mexican law governs the tort claims. "[A] federal court sitting in diversity applies the choice of law rules of the forum." *Benchmark,* 343 F.3d at 726. "Texas courts use the Restate-

ment's 'most significant relationship' test to decide choice of law issues." *Id.* at 727. The Restatement (Second) of Conflict of Laws directs the Court to look at a number of factors in determining which law should apply to the case. Restatement sections 145[1] and 6[2] apply to tort claims generally, and section 148[3] applies specifically to claims of fraud and misrepresentation.

The relevant Restatement factors illustrate that Mexican law should govern Plaintiff's tort claims. Plaintiff is a Mexican corporation with its principal place of business in Mexico. Plaintiff alleges tort claims that are related to the Agreement. In the Agreement, Plaintiff assigned the EPL trademark rights in Mexico to Defendant, as well as the rights under certain franchise and license agreements with over a dozen EPL franchises in Mexico. In

consideration thereof, Defendant agreed to open a minimum of twenty-five EPL stores in Mexico, take all commercially reasonable efforts to maintain and enforce the trademark rights in Mexico, ensure that the trademark loses none of its value in the Mexican marketplace, and exploit the trademark in Mexico.

Plaintiff alleges that Defendant allowed competitors to displace EPL from the various markets in Mexico, did nothing to exploit the trademark in Mexico or protect its value there, refuses to relinquish its attempt to gain control of the trademark in Mexico, is interfering with current and prospective contracts between Plaintiff and Mexican franchisees, and ruined the Mexican franchisees. Plaintiff alleges that all of these actions caused lost profits, loss of significant business opportunities, and damage to its credit, business reputation,

---

1. Restatement (Second) of Conflict of Laws § 145 provides, in relevant part:

   (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
   (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.

2. Restatement (Second) of Conflict of Laws § 6 states that the relevant factors in choosing the applicable law include:

   (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty,

predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.

3. Restatement (Second) of Conflict of Laws § 148(2) provides:

   When the plaintiff's action in reliance took place in whole or in part in a state other than that where the false representations were made, the forum will consider such of the following contacts, among others, as may be present in the particular case in determining the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties: (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations, (b) the place where the plaintiff received the representations, (c) the place where the defendant made the representations, (d) the domicil, residence, nationality, place of incorporation and place of business of the parties, (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

and goodwill, presumably all in Mexico, where Plaintiff operates.

The parties have very minimal ties to Texas. The only Texas connections are (1) the choice of forum clause, which selects a federal district court in Texas to litigate disputes connected with the performance of the Agreement; (2) Defendant owns franchises in Texas, but is not incorporated in Texas and does not operate its principal place of business here; and (3) the parties met in Texas to engage in negotiations regarding modification of the Agreement. Application of the "most significant relationship" test requires that Mexican law govern Plaintiff's tort claims.

Since Mexican law controls all of Plaintiff's claims, the Court need not determine whether Plaintiff has properly brought its claims of fraud and tortious interference with existing and prospective contracts.

## V. Plaintiff's Motion to File an Amended Complaint

Plaintiff seeks leave to file an amended complaint. "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Fed.R.Civ.P. 15(a). Plaintiff has not previously amended its Complaint and Defendant has not yet filed a responsive pleading, therefore Plaintiff may still amend the Complaint without first petitioning the Court. See McKinney v. Irving Indep. Sch. Dist., 309 F.3d 308, 315 (5th Cir.2002) (stating that a Rule 12(b)(6) motion to dismiss is not a responsive pleading, so it "does not extinguish a party's right to amend as a matter of course"). "When . . . a plaintiff who has a right to amend nevertheless petitions the court for leave to amend, the court should grant the petition." Zaidi v. Ehrlich, 732 F.2d 1218, 1220 (5th Cir.1984). The Court hereby

GRANTS Plaintiff's Motion to File an Amended Complaint.[4]

## VI. Plaintiff's Motion for Expedited Discovery

■ Plaintiff is also currently engaged in a legal proceeding in Mexico for the alleged theft of EPL trademark rights in Mexico by Defendant. Plaintiff has filed a Motion for Expedited Discovery in this Court so that it may gather evidence, which Plaintiff wants to use in the legal proceeding in Mexico and to possibly seek injunctive relief in this Court. Defendant opposes the Motion.

Federal Rule of Civil Procedure 26(d) states that "[e]xcept . . . when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed.R.Civ.P. 26(d). A court should only issue an order for expedited discovery if there is some showing of good cause to justify the order. See 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 2046.1 (West 1994). Expedited discovery would be appropriate in cases involving preliminary injunctions or challenges to personal jurisdiction. Id.

Plaintiff has not shown good cause for expedited discovery. Neither Plaintiff's need for evidence in the legal proceeding in Mexico, nor the possibility that Plaintiff might seek injunctive relief in the future, justifies an order for expedited discovery. Plaintiff's Motion for Expedited Discovery is hereby **DENIED**.

## VII. Plaintiff's Motion for Partial Dismissal of Counterclaim

Defendant filed a counterclaim for breach of contract. On September 1, 2004,

---

4. It should be noted, however, that Plaintiff's Amended Complaint also asserts Texas law, which the Court has determined does not apply to any of its claims. Therefore, Plaintiff's Amended Complaint does not cure the deficiencies previously discussed.

Plaintiff filed its answer to the counterclaim. Then, on September 10, 2004, Plaintiff filed a Motion for Partial Dismissal of Counterclaim Under Rule 12(b)(6), arguing that Defendant's breach of contract claim is barred by the Texas statute of limitations.

Plaintiff's Rule 12(b)(6) Motion is untimely because it was made after Plaintiff filed its answer to Defendant's counterclaim. *See* 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1357 at 408 (West 2004). In any event, Plaintiff's Rule 12(b)(6) Motion is inapposite because it applies Texas law to Defendant's counterclaim, which is governed by Mexican law. For these reasons, the Court hereby **DENIES** Plaintiff's Motion for Partial Dismissal of Counterclaim.

## VIII. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Request for Judicial Notice and Plaintiff's Motion to File an Amended Complaint. The Court **DENIES** Plaintiff's Motion for Expedited Discovery and Plaintiff's Motion for Partial Dismissal of Counterclaim. The Court **DENIES** Defendant's Motion to Dismiss, but **GRANTS** the alternative Motion to Determine Foreign Law. The Court sets the following schedule for the parties to submit evidence of Mexican law related to the claims in this case:

**December 6, 2004:** Deadline for Plaintiff to submit evidence of Mexican law.

**December 20, 2004:** Deadline for Defendant to submit evidence of Mexican law.

IT IS SO ORDERED.