**UNITED STATES of America,**

v.

**Chokwe LUMUMBA, Defendant.**

**No. 83 Cr. Misc. 1 p. 46 (RWS).**

United States District Court,
S.D. New York.

Nov. 26, 1984.

As Amended Dec. 11, 1984.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Stacey S. Moritz, Robert Litt, Asst. U.S. Attys., New York City, for U.S.

Hill, Lewis, Adams, Goodrich & Tait, Detroit, Mich. by Anthony Adams, Detroit, Mich., of counsel; Edison, Davis & Lumumba, Detroit, Mich. by Harry Davis, Detroit, Mich., of counsel, for defendant.

## OPINION

SWEET, District Judge.

Remand of this criminal contempt was ordered by the Court of Appeals in its July 27, 1984 reversal of the Honorable Kevin T. Duffy's judgment of conviction of Chokwe Lumumba ("Lumumba") entered pursuant to Fed.R.Crim.P. 42(a) and 18 U.S.C. § 401. Motions were invited by the court and were heard to determine the scope of the remand and the nature of the proceedings to be held upon remand. The retrial will be governed by the procedure as described below.

The Court of Appeals stated that where the contempt charged occurred in the presence of the court but the adjudication and punishment were deferred, and where there may be some residue of personal antipathy between the alleged contemnor and the presiding trial judge, the alleged contemnor must be given an opportunity to be heard before a judge other than the one presiding at trial, before a final adjudication of the contempt conviction. *See Taylor v. Hayes*, 418 U.S. 488, 94 S.Ct. 2697, 4 L.Ed.2d 897 (1974); *Codispoti v. Pennsylvania*, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974). The Circuit opinion concluded: "On remand, the district court need not hold a full-blown trial, but Lumumba should be allowed a reasonable opportunity to defend or explain his actions or present arguments in mitigation. *See Taylor v. Hayes*, 418 U.S. at 499 [94 S.Ct. at 2703]." *U.S.A. v. Chokwe Lumumba*, 741 F.2d 12 at 17 (2nd Cir.1984). Of course, as noted in the opinion of this court filed November 17, 1983, Lumumba did explain his actions and presented arguments in mitigation, including an immunity defense. 578 F.Supp. 100 (N.Y.1983). Obviously, in view of the reversal, something more is required.

Both the Government and Lumumba's counsel submitted papers and argued orally about the procedures to be followed in connection with the mandated hearing. Lumumba urges he be given written notice of the charges, a jury trial, and discovery of the evidence to be introduced by the Government. The Government has resisted these demands and stated its intention to rely upon the record of the trial conducted by Judge Duffy, in the course of which Lumumba was cited and convicted of contempt in the presence of the court.

*Notice*

The Second Circuit has held, in *In re Sadin*, 509 F.2d 1252 (2d Cir.1975), that where there is actual knowledge of pending contempt charges, formal notice is not necessary in order to satisfy due process requirements.

Appellant further claims that the contempt order of July 17, 1974, should be vacated because he was not givèn proper notice. In [*State v.*] *Handler, supra,* 476 F.2d [709] at 713 [2d Cir.1973], we held, in light of the witness's actual knowledge of the nature of the contempt proceeding against him, that there was no denial of due process by failure to provide formal notice. Here, appellant and his court-appointed counsel had adequate notice of the July 19, 1974 hearing. Moreover, notice is provided for in Rule 42(b), Federal Rules of Criminal Procedure, in order to allow a reasonable time for the preparation of a defense. The notice here was adequate for, as we found above, appellant had a reasonable time to prepare his defense.

*See also Musidor, B.V. v. Great American Screen,* 658 F.2d 60 (2d Cir.1981), *cert. denied,* 455 U.S. 944, 102 S.Ct. 1440, 71 L.Ed.2d 656 (1982).

▆ The actual notice in this case is sufficient to satisfy due process requirements, and no additional formal notification of the nature of the pending charges is therefore required.

*Jury Trial*

▆ The requirement of a jury trial does not attach to "petty" criminal offenses. As the Supreme Court explained in its opinion cited by the Court of Appeals:

[O]ur cases hold that petty contempt like other petty criminal offenses may be tried without a jury and that contempt of court is a petty offense when the penalty actually imposed does not exceed six months or a longer penalty has not been expressly authorized by statute. *Cheff v. Schnackenberg,* 384 U.S. 373 [86 S.Ct. 1523, 16 L.Ed.2d 629] (1966); *Bloom v. Illinois,* 391 U.S. 194 [88 S.Ct. 1477, 20 L.Ed.2d 522] (1968); *Dyke v. Taylor Implement Mfg. Co., Inc.,* 391 U.S. 216 [88 S.Ct. 1472, 20 L.Ed.2d 538] (1968); *Frank v. United States,* 395 U.S. 147 [89 S.Ct. 1503, 23 L.Ed.2d 162] (1969); *Baldwin v. New York,* 399 U.S. 66 [90 S.Ct. 1886, 26 L.Ed.2d 437] (1970). Hence, although petitioner was ultimately found guilty and sentenced separately on eight counts of contempt, the sentences were to run concurrently and were, as the Kentucky Court of Appeals held, equivalent to a single sentence of six months.

.    .    .    .    .

[I]n the absence of legislative authorization of serious penalties for contempt, a State may choose to try any contempt without a jury if it determines not to impose a sentence longer than six months.... We remain firmly committed to the proposition that "criminal contempt is not a crime of the sort that requires the right to jury trial regardless of the penalty involved." *Bloom v. Illinois, supra* [391 U.S.], at 211 [88 S.Ct. at 1487]; *cf. Argersinger v. Hamlin,* 407 U.S. 25, 30 [92 S.Ct. 2006, 2009, 32 L.Ed.2d 530] (1972).

*Taylor v. Hayes, supra,* 418 U.S. at 495–6, 94 S.Ct. at 2701–2. Further, of course, I have previously held that contrary to his contention, Lumumba was not entitled to a jury trial, and there is no indication from the Court of Appeals that its reversal was directed to that aspect of my determination. Its reference to a hearing other than "a full blown trial" in my view supports my prior ruling that a jury trial is not required. Consequently, the hearing mandated by the remand will be held without a jury.

*Scope of Evidence to be Introduced*

The Government has stated its intention to base its case upon the transcript of proceedings in the trial before Judge Duffy, certified as necessary pursuant to 28 U.S.C. § 753(b). *See Mayberry v. Pennsylvania,* 400 U.S. 455, 466, 91 S.Ct. 499, 505, 27 L.Ed.2d 532 (1971).

■ Lumumba will be given an opportunity "to be heard in his own behalf ... [and to] present matters in mitigation or otherwise attempt to make amends with the court." *Taylor v. Hayes, supra*, 418 U.S. at 499, 94 S.Ct. at 2703. The evidence introduced by Lumumba will address the appropriateness of Lumumba's own conduct at the time of the alleged contemptuous acts, not the alleged bias of the presiding judge. Those cases cited by Lumumba to establish the relevance of the bias of the presiding judge address the distinct issue, no longer relevant, whether the judge presiding at trial should preside in the adjudication of the contempt charge. That question has already been addressed in this case.

*Offutt v. United States* involved a sequence strikingly similar to the case here. At trial, the presiding judge found Offutt in criminal contempt, and at the close of trial the judge sentenced Offutt pursuant to Fed.R.Crim.P. 42(a). Because of the personal animosity displayed by the judge at trial, the Supreme Court reversed the trial judge's findings and directed that another judge preside over the second hearing of the contempt charge against Offutt. 348 U.S. 11, 18, 75 S.Ct. 11, 15, 99 L.Ed. 11 (1954). Upon remand to the district court and subsequent appeal, the Court of Appeals made the following ruling:

> We add that in the exercise of a sound discretion the hearing judge may control the scope of testimony and the number of witnesses, to avoid cumulative testimony and prevent placing on trial either the judge before whom the alleged contempt occurred or the prosecutor in the Peckham trial. What is required, however, is that the accused be permitted to adduce testimony which fairly depicts to the deciding judge the actual conduct *of the accused* in the setting in which it occurred. (Emphasis added)

*Offutt v. United States*, 232 F.2d 69, 72 (D.C.Cir.1956), *cert. denied*, 351 U.S. 988, 76 S.Ct. 1049, 100 L.Ed. 1501 (1956). Similarly, in *Howell v. Jones*, 516 F.2d 53 (5th Cir.1975) the court held that the alleged bias of the judge presiding at trial was "not material to the issue of whether Howell's conduct was actually contemptuous." *Id.* at 58.

■ Lumumba will therefore be free, within limits designed to avoid cumulative and repetitious testimony, to introduce evidence supplementing the record's portrayal of Lumumba's actions and the context in which they arose.

The hearing pursuant to this opinion will commence on December 17, 1984 unless counsel wish to be heard with respect to fixing another date, in which case a pretrial conference will be heard on December 5, 1984 at 4:30 p.m.

**IT IS SO ORDERED.**