OPINION OF THE COURT
Renee A. White, J.
The defendant was arraigned and charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), a class A misdemeanor. The defendant now moves to dismiss the charge on the ground that defendant’s arrest and prosecution constitutes selective prosecution *923 in violation of the Constitutions of the State of New York and the United States of America. In the alternative, in order to further substantiate this claim, the defendant requests an evidentiary hearing to determine (1) whether the arrest of the defendant was motivated by an improper consideration; and (2) the ordinary disposition of similarly situated offenders.
I. TIMELINESS OF DEFENDANT’S MOTION
Initially, the People contend that defendant’s motion should be denied on the ground that it is untimely pursuant to CPL 255.20.
The court denies the People’s application on the following grounds: (1) the defendant’s initial attorney withdrew from the case on March 21, 1989 and present counsel only recently filed a notice of appearance on April 5, 1989 and (2) the basis of defendant’s motion is a violation of his constitutional rights, and there are serious allegations raised by the defendant. Given the facts and circumstances of this case the court finds that the defendant is entitled to have this motion decided on its merits.
Accordingly, the People’s motion to preclude as untimely is denied.
II. ARGUMENTS
The defendant, a high school principal, alleges that he has been singled out for prosecution because of a formal policy, of the New York County District Attorney’s office, to consider the defendant’s position in the community as a relevant factor in plea negotiations. The defendant further asserts that those individuals who enjoy "higher positions” in the community are prosecuted more vigorously and offered less favorable pleas. The defendant also contends that his arrest was based on the same discriminatory basis.
Annexed to defendant’s moving papers is an article from Newsday dated April 1, 1989. According to that article, Assistant District Attorney Paul Shechtman stated that it is the policy of the Manhattan District Attorney’s office to consider "the defendant’s position in the community as a relevant factor in plea discussions.” (Newsday, Apr. 1,1989, at 16.)
The defendant further argues that his arrest was also based on this discriminatory policy. On January 25, 1989 Police Officer Luyando testified that on the day of defendant’s arrest, *924 she observed 25 individuals in drug transactions. Only three, including the defendant, were arrested. The officer further testified that the others were not arrested because "[tjhere is not enough time in the day” to arrest everyone.
The People do not deny that they intend to vigorously prosecute the defendant. On the contrary, the People argue that under certain circumstances selective enforcement is justifiable. The People further contend that strong public policy requires the prosecution of a school principal who buys crack. The People allege that the defendant’s actions led to the neglect of the school children under his supervision who looked up to the defendant as a role model.
In response to defendant’s argument regarding his arrest, the People contend that the mere fact that others were not arrested is insufficient to warrant a finding that defendant’s arrest was unconstitutionally selective.
III. APPLICABLE LAW
Absent any consciously illegal discrimination, selectively in enforcement or unequal application of the law is not in itself unconstitutional. (Oyler v Boyles, 368 US 448 [1962]; People v Goodman, 31 NY2d 262 [1972].)
It is well established that a prosecutorial discretion is inherent in our judicial system. (United States v Goodwin, 457 US 368, 380 [1982]; United States v Swanson, 509 F2d 1205 [8th Cir 1975]; United States v Wiley, 503 F2d 106 [8th Cir 1974].) The decision whether or not to prosecute, and what charge to file or bring before a Grand Jury, generally rests entirely on the People’s discretion as long as there is probable cause to believe that the defendant committed a crime. (Wayte v United States, 470 US 598 [1985].)
However, prosecutorial discretion may be deemed unlawful when the prosecutor exercises discretion over which crime and people to prosecute using criteria that unlawfully discriminates because of race, religion or other arbitrary classification. In the landmark case Yick Wo v Hopkins (118 US 356 [1886]), the Supreme Court declared that a constitutional law could be unconstitutional in its enforcement. The court held: "Though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal *925 justice is still within the prohibition of the Constitution.” (Supra, at 373-374.)
To support a defense of selective prosecution, the defendant bears a heavy burden of establishing illegal discriminatory practice. (Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686 [1979]; People v Goodman, 31 NY2d 262 [1972], supra.) In absence of such a showing, there is a strong presumption in the legality of the prosecution — that the enforcement of laws was undertaken in good faith and in a nondiscriminatory fashion. (Matter of 303 W. 42nd St. Corp. v Klein, supra; United States v Ojala, 544 F2d 940 [8th Cir 1976]; United States v Falk, 479 F2d 616 [7th Cir 1973].) To successfully invoke the defense the defendant must show two factors. The defendant must demonstrate that the law was not applied to others similarly situated; and secondly, that the government’s discriminatory selection of him for prosecution has been invidious, that is, based upon such impermissible considerations as race, religion or some other arbitrary classification. (Wayte v United States, supra; Matter of 303 W. 42nd St. Corp. v Klein, supra; Matter of Di Maggio v Brown, 19 NY2d 283 [1967].) It is not enough, to establish a denial of equal protection. The alleged misconduct must be due to an intentional and purposeful discrimination. (Snowden v Hughes, 321 US 1 [1944].)
The court is unaware of any case holding that a selective enforcement claim based on a defendant’s status in the community constitutes an invidious classification. However, this court is not without judicial guidelines. Indeed, at least two Federal courts have considered and rejected similar arguments of selective enforcement in analogous situations.
The Eighth Circuit of the Court of Appeals upheld the conviction of two certified public accountants for their failure to file income tax returns. The selective program of investigation and prosecution of attorneys, accountants and other professionals who customarily gave tax advice to others and who should have been knowledgeable about their tax responsibilities did not constitute a Federal constitutional violation. (United States v Swanson, supra.)
In United States v Peskin (527 F2d 71 [7th Cir 1975], cert denied 429 US 818 [1976]) the court rejected defendant’s claim that he was selectively prosecuted because he was politically prominent and newsworthy. The defendant was a former member of the Illinois General Assembly. The court stated: *926 "Assuming that the decision to indict Peskin and press for trial was based in part on consideration of his political prominence, this is not an impermissible basis for selection. It makes good sense to prosecute those who will receive the media’s attention. Publication of the proceedings may enhance the deterrent effect of the prosecution and maintain public faith in the precept that public officials are not above the law.” (Supra, at 86.)
IV. DISCUSSION
The basis of defendant’s argument is directed at an asserted disparity in the plea offered to the defendant as compared to other first offenders prosecuted under the same statute. The defendant claims that he has been denied a favorable plea because of his position as a school principal.
There is, however, no constitutional right to a plea bargain. (Weatherford v Bursey, 429 US 545 [1977].) "Two persons may have committed what is precisely the same legal offense but the prosecutor is not compelled by the law, duty or tradition to treat them the same as to charges. On the contrary, he is expected to exercise discretion and common sense”. (Newman v United States, 382 F2d 479, 481-482 [DC Cir 1967].)
Unfortunately, not all persons who commit crimes are subject to prosecution. The government lacks the resources to investigate and prosecute every individual that violates our laws. Latitude must be given to people responsible for decisions regarding law enforcement, at times permitting them to proceed with an " 'unequal hand’ ”. (303 W. 42nd St. Corp. v Klein, supra, at 695.) " 'Equal protection does not require identity of treatment. It only requires that classification rest on real and not feigned differences, that the distinction have some relevance to the purpose for which the classification is made, and that the different treatments be not so disparate, relative to the difference in classification, as to be wholly arbitrary’ (Walters v City of St. Louis, 347 US 231, 237; see, also, Washington v United States, 401 F2d 915, 923, supra). Clearly then, 'Dissimilar treatment reasonably accorded persons dissimilarly situated does not implicate the equality demand of the Fifth Amendment’ (United States v Bell, 506 F2d 207, 222).” (People v Peterson, 91 Misc 2d 407, 413 [1977].)
The defendant, as a school principal, occupies a position of public trust. He commands respect from his students and the community he serves. With this position comes the responsi *927 bility of teaching our children the dangers of drug abuse. A legitimate interest is served through the prosecution of this defendant in promoting a more general compliance with the law.
As to the claim that the defendant was selectively arrested, the defendant has not made any showing of any invidious discrimination. It is uncontested that the limited resources of the police department resulted in the arrest of only 3 of 25 persons allegedly involved in drug transactions. The defendant does not even allege that his identity was known to the arresting officers.
The court finds that the defendant has failed to establish that the arrest and prosecution of the defendant was invidious or based upon impermissible considerations. The court is therefore compelled to deny defendant’s motion to dismiss.
V. defendant’s right to an evidentiary hearing
A hearing is not necessary on the mere assertion that the defendant has been unfairly singled out for prosecution. A defendant is only entitled to a hearing when he alleges intentional discrimination and presents sufficient facts to raise a reasonable doubt about the prosecutor’s purpose. (United States v Peskin, supra.) The defendant must establish "on the strength of sworn affidavits and other proof supplying factual detail, that he is more likely than not to succeed on the merits.” (303 W. 42nd St. Corp. v Klein, supra, at 695-696.)
The court finds that the defendant has failed to meet this burden. He has not presented sufficient evidence to demonstrate a reasonable probability of success on the merits. Accordingly, defendant’s application for an. evidentiary hearing is denied.