■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LEMIESZEWSKI, Appellant.—Judgment, Supreme Court, New York County (Jerome Marks, J.), rendered May 5, 1988, which convicted defendant of burglary in the second degree and attempted burglary in the third degree and sentenced him to concurrent terms of 4 to 8 and 2 to 4 years' imprisonment, unanimously affirmed.

Overwhelming evidence was presented that at 9:00 A.M.,

November 2, 1986, defendant attempted to break into a restaurant at 182 Second Avenue, and that within an hour, he stole property from a residential apartment in 186 Second Avenue, after entering those premises unlawfully. Defendant was initially arrested for the latter crime. Shortly thereafter, while defendant was being held by police on the same block, he was identified as the perpetrator of the first crime by civilian witnesses. Defendant testified at trial that his presence on the block was innocent, and denied being in or near either of the two premises.

Under these circumstances, there was no abuse of discretion in the court's denial of defendant's motion to sever the two counts. Joinder of the two counts was plainly permissible under CPL 200.20 (2) (c). *(People v Jenkins,* 50 NY2d 981.) On these straightforward counts, the jury's consideration of one charge was not impaired by the presentation of evidence concerning the other charge. Nor was there any showing at any time that defendant had important testimony to give concerning one offense and a strong need to refrain from testifying as to the other *(People v Lane,* 56 NY2d 1, 8).

We have examined defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Milonas, Asch and Smith, JJ.