OPINION OF THE COURT
Alexander W. Hunter, J.
Does a defendant have a right to a trial by jury where he is charged with multiple offenses, each separately carrying a penalty of less than six months’ incarceration but in the aggregate are punishable by a potential penalty in excess of six months? (See generally, Annotation, 26 ALR Fed 736 [1976].)
At bar, defendants stand accused of four counts of New York City Administrative Code violations. Two offenses are punishable by imprisonment of up to six months or a fine of up to $5,000, or both. The two remaining offenses carry penalties of imprisonment of up to 90 days, or a fine of up to $5,000, or both.
Although he does not concede that aggregating the penalties for the offenses with which he has been charged would be appropriate in this case, defendant Weiss asserts his Sixth Amendment right to a jury trial inasmuch as he may be subject to a potential penalty of over six months’ imprisonment in addition to fines should the sentences imposed run consecutively. Defendant DiLorenzo joins in this and all motions. The People do not oppose this motion.
The Supreme Court, in construing our Sixth Amendment right to a jury trial, has concluded that the right does not attach if one is charged with petty offenses but guaranteed only for those charged with offenses categorized as serious. *1023 (Duncan v Louisiana, 391 US 145 [1968].) Additionally, the most relevant criteria for determining the seriousness of an offense is the authorized penalty set by the Legislature. (Blanton v City of N. Las Vegas, 489 US 538 [1989].)
Baldwin v New York (399 US 145 [1970]) is the benchmark ruling regarding what category of crimes constitutes petty offenses. Baldwin concludes that the right to a jury trial not only attaches to felonies but also embraces classes of misdemeanors which involve imprisonment in excess of six months. The potential of a sentence in excess of six months takes an offense out of the "petty” category and triggers the right to a trial by jury. The court reasoned that the disadvantages arising from the denial of a jury trial are outweighed by the benefit of speedy and inexpensive nonjury adjudications.
Prior to the Baldwin ruling, it was the practice in New York City to try all misdemeanors before a three-Judge non-jury panel. In 1971, to comply with the mandates of Baldwin (supra), CPL 340.40 was drafted requiring, in New York City, a single-Judge nonjury trial where an information "charges a misdemeanor for which the authorized term of imprisonment is not more than six months”. (See, mem of State Executive Dept, 1971 McKinney’s Session Laws of NY, at 2497.)
Although the Legislature drafted CPL 340.40 to conform with the holding in Baldwin (supra), there appears to have been an oversight in clarifying what the mode of trial should be where more than one so-called "petty” offense is charged in an information. Furthermore, although it is clear that individually charged misdemeanor counts may be considered "petty” for mode of trial purposes because of legislative authorization for a maximum jail term of six months, there is language in Baldwin which might indicate that the mere possibility of imprisonment greater than six months triggers the right to a jury trial. The only logical statutory interpretation of CPL 340.40 and related sections, however, is that the Legislature intended that the trial of multiple petty offenses also be a single-Judge trial.
This interpretation is gleaned by an analysis of CPL 340.40 (1), (2) and (3) and CPL 350.20 (4). Subdivisions (1) and (2) of CPL 340.40 mandate that the trial of an information be a single-Judge trial except where a misdemeanor is charged. In New York City, however, a trial of an offense with an authorized term of imprisonment of less than six months must be a single-Judge trial. Subdivision (3) of CPL 340.40 contains the *1024 only reference to multiple count informations under CPL 340.40. Under this subdivision, a defendant is entitled to a jury trial "even though the information also charges an offense for which he is otherwise not entitled to a jury trial”. From this language it seems that it was the intent of the Legislature to attach the right to a jury trial to a certain class of misdemeanor as opposed to an aggregation of petty offenses.
Subdivision (4) of CPL 350.20 contains a similar reference to multiple count proceedings. This subdivision sets limits on the authority of a Judicial Hearing Officer and also indicates the extended authorization to conduct nonjury single-Judge trials. It states that a trial by a Judicial Hearing Officer "shall not apply where the single judge trial is of an information at least one count of which charges a class A misdemeanor”. This section, of course, is not in effect now that the misdemeanor trial law has not been extended after its prescribed sunset provision of July 1, 1991 and, thus, neither has the designation of class A misdemeanors with six months’ sentencing limitations. The logical statutory conclusion which may be interpreted from this subdivision, however, indicates that the single-Judge trial authorization extends to the combination of petty offenses which in the aggregate expose the defendant to in excess of six months’ imprisonment.
As a consequence, a constitutional question arises as to whether a jury trial is required because two or more so-called petty offenses that are tried together may expose a defendant to an aggregate sentence in excess of six months if consecutive sentences were to be imposed. Indeed, because of the mandatory nature of the requirement of single-Judge trials, the potential for consecutive sentencing under Penal Law § 70.25 (1), and the absence of any expressed statutory prohibition to impose consecutive sentencing in nonjury trials, this is the issue presented in the instant action.
In 1974, three years after Baldwin (supra), the question of aggregate sentencing as it effects the right to a jury trial was discussed in separate Supreme Court decisions decided on the same day (Codispoti v Pennsylvania, 418 US 506; Taylor v Hayes, 418 US 488). Both cases dealt with multiple contempt charges where sentencing parameters were not set by the Legislature.
In Codispoti (supra), the petty or serious nature of an offense was determined by the sentence actually imposed. Thus, the imposition of several consecutive six-month sen *1025 tences for several separate acts of contempt was deemed violative of a defendant’s right to a jury trial, even though no individual sentence for more than six months was imposed for any one count. Taylor v Hayes (supra) further clarified the rule in multiple contempt cases. In Taylor, the court reasoned that contempt may be considered a petty offense not mandating a jury trial, even if eight separate counts are charged, if the maximum penalty actually imposed is not greater than six months. This is true even if the original sentencing was for greater than six months but was later modified to conform with constitutional requirements.
For purposes of determining the right to a jury trial, the charge of contempt, however, is an aberrance because by its nature the maximum penalty authorized — the most relevant standard for determining jury trial rights (see, Blanton v City of N. Las Vegas, supra)—is not usually set by the Legislature but by the judiciary. These two cases analyzing multiple contempt charges are therefore not completely analogous to the case at bar. Indeed, the Supreme Court has yet to address this issue. (But see, United States v Goodwin, 457 US 368, 388, n 2 [1982] [Brennan, J., dissenting].)
Lower courts across the country that have attempted to identify the correct rule of law where multiple authorized petty offenses are charged, are divided into three distinct viewpoints.
The first adheres to a penalty-oriented approach, which stipulates that the right to a jury trial not only depends on a legislative determination that the offenses are "petty” but also depends upon the application of a formula which requires adding together the maximum authorized sentences of the individual petty offenses. Thus, if multiple "petty” crimes expose the defendant to an aggregate sentence in excess of six months, the right to a trial by jury automatically attaches. (See, e.g., United States v Potvin, 481 F2d 380 [10th Cir 1973], cited with approval in United States v Goodwin, 457 US 368, 388, n 2 [1982] [Brennan, J., dissenting], supra; United States v Coppins, 953 F2d 86 [4th Cir 1991]; Haar v Hanrahan, 708 F2d 1547 [10th Cir 1983]; United States v Musgrave, 695 F Supp 231 [WD Va 1988]; State v Benjamin C., 109 NM 67, 781 P2d 795 [1989]; Vallejos v Barnhart, 102 NM 438, 697 P2d 121 [1985].)
The second line of cases concludes that a jury trial is only required in situations where a sentence of more than six *1026 months is actually imposed. Where the imposition of consecutive sentencing is in the discretion of the court, it is the exercise of this discretion — not the fact that there is discretion —that triggers a right to a jury trial. (See, e.g., Maita v Whitmore, 508 F2d 143 [9th Cir 1974], cert denied 421 US 947 [1975]; United States v Bencheck, 926 F2d 1512 [10th Cir 1991]; Rife v Godbehere, 814 F2d 563 [9th Cir 1987]; United States v Lumumba, 598 F Supp 209 [SD NY 1984]; State v Owens, 54 NJ 153, 254 A2d 97 [1969]; Bruce v State, 126 Ariz 271, 614 P2d 813 [1980].)
On the opposite end of the spectrum are a minority of courts which conclude that the right to a trial by jury is determined by the punishment authorized by statute for the particular offenses, and that consolidation of offenses for trial does not affect this rule, nor does the imposition of consecutive terms of imprisonment which aggregate beyond the six-month period. (State v Robertson, 310 So 2d 619 [La 1975].)
Few cases in New York address the issue. Those that do either assume six months is the maximum aggregate sentence, that may be imposed (see, e.g., People v Cruz, 129 Misc 2d 235 [Crim Ct, Bronx County 1985]; People v McMath, NYLJ, Aug. 31, 1990, at 21, col 6 [Crim Ct, Richmond County]), or conclude that a jury trial is unnecessary where the sentence is limited to six months because the authorized sentence for the particular offenses charged would require concurrent rather than consecutive sentences (People v Tsukerman, NYLJ, May 22, 1989, at 22, col 6 [App Term, 1st Dept], lv denied 74 NY2d 820), or follow the reasoning of the second line of cases cited above (Department of Hous. Preservation & Dev. v Chance Equities, 135 Misc 2d 375 [Civ Ct, NY County 1987]).
I find that the most realistic resolution to the issue presented lies with the reasoning of this second line of cases, namely, that a jury trial is required in multiple petty count cases only if a sentence in excess of six months is actually imposed. I draw this conclusion based upon the following guiding principles gleaned from the pertinent Supreme Court rulings. (See, Maita v Whitmore, supra, for similar analysis.)
The most relevant criteria for determining the seriousness of an offense is the authorized penalty set by the Legislature. (Blanton v City of N. Las Vegas, supra.) Where multiple petty offenses are charged, and sentencing is at the discretion of the Trial Judge, the imposition of consecutive sentencing in excess of six months creates a right to a jury trial. (Codispoti v *1027 Pennsylvania, supra.) However, if concurrent sentences are imposed, a jury trial is not required. (Taylor v Hayes, supra.) If there is discretion to impose sentences in excess of six months after a nonjury trial, it is limited by constitutional parameters. (See, e.g., Cheff v Schnackenberg, 384 US 373, 380 [1966].)
Several conclusions can be drawn from this analysis so that the statute may be interpreted in a constitutional manner. If it was the intent of the Legislature to try multiple petty count informations before a single-Judge nonjury trial, by so allowing, the sentencing discretion of Judges was limited sub silentio. The legislation which mandates nonjury trials was written with the intent of complying with the mandates of Baldwin (supra), thus the statute must be interpreted in light of the constitutional ramifications of that decision. Consequently, where multiple petty offenses are tried in a single-Judge trial, the maximum aggregate imprisonment must be limited to six months.
This conclusion is buttressed by the similar treatment afforded young adults and youthful offenders. For example, in Matter of Hogan v Rosenberg (24 NY2d 207, revd on other grounds sub nom. Baldwin v New York, 399 US 66 [1970], supra), the Court of Appeals held that there was no jurisdiction to impose a maximum four-year reformatory sentence on young adults in the absence of legislation authorizing a jury trial. Thus, a conviction for the crimes charged, two class A misdemeanors and a violation, would subject the defendant to imprisonment for a term no greater than one year. Exposure to one-year imprisonment was considered the cutoff point for the right to a jury trial at the time. Judge Scileppi, speaking for the court in Rosenberg, reasoned that prohibiting the imposition of a sentence beyond the then-authorized limit was a more rational approach in statutory interpretation than declaring the statute unconstitutional (supra, at 221).
A similar analysis has been applied in interpreting the youthful offender statutes (CPL 720.20; Penal Law § 60.02). A literal reading of the two sections apparently permits the imposition of consecutive terms of four years’ imprisonment. However, it has been held that the imposition of consecutive four-year terms would be out of harmony with the objective of the Legislature in enacting the youthful offender legislation, i.e., that those who are afforded youthful offender treatment receive a sentence of no more than four years’ imprisonment. (People v David ”H”, 70 AD2d 205 [3d Dept 1979]; People v Magee, 116 AD2d 742 [2d Dept 1986].)
*1028 In like manner, the youthful offender statute (CPL 340.40 [7]) which mandates a single-Judge trial has been interpreted to limit the aggregate potential sentencing to six months. (People v Gray, 97 Misc 2d 285 [Crim Ct, NY County 1978]; People v Joseph M., 84 Misc 2d 1046 [Crim Ct, NY County 1975].)
Accordingly, given the statutory interpretation, legislative intent and guidance from Baldwin (supra) and its progeny, the defendant’s trial must be a nonjury trial, and the maximum aggregate sentence shall not exceed six months.
Defendant Weiss’ final argument is that he is entitled to a trial by jury because the potential fine of $5,000 together with the six-month potential prison sentence renders those offenses serious under the Constitution.
In determining whether an offense should be categorized as petty, the legislative view of the seriousness of an offense is reflected in both the maximum prison term set for the offense in addition to penalties. Primary emphasis, however, is placed on the maximum prison term. Where the maximum authorized prison term does not exceed six months, a presumption exists that the Legislature viewed the offense as petty. Where the additional penalty is a fine, so long as it is below the $5,000 level (a recent parameter of petty offenses) the statutory penalties are not so severe to deem the offense as serious for purposes of the Sixth Amendment. (See, e.g., Blanton v City of N. Las Vegas, supra.)
That branch of defendants’ motion requesting severence is denied. As the matter is to be tried without a jury, a motion for severence is inapplicable. It can be assumed that the court’s superior knowledge of evidence would eliminate the major concerns raised. (See, e.g., People v Amato, 99 AD2d 495 [2d Dept 1984]; People v Jenkins, 115 AD2d 562 [2d Dept 1985].)
Defendants’ motion requesting court-ordered discovery is granted to the extent provided by the People in answer to the within motion. The People are reminded of their continuing obligation to provide the defendants with any and all exculpatory material requested in accordance with Brady v Maryland (373 US 83 [1963]), and its progeny. The People are further reminded to produce all written or recorded statements of all persons they intend to call as witnesses, which relate to the subject matter of their testimony, in compliance with CPL 240.45, People v Rosario (9 NY2d 286), and its progeny. *1029 Failure to follow these directives will require the necessary sanctions.
Additionally, defendant’s request for a court determination that the City of New York should be disqualified from prosecuting this matter because of a conflict of interest is denied for the reasons already stated in the opinion of this court dated October 4, 1991. After full review of the defendant’s memorandum of law, the court is still not persuaded that a conflict exists.
Defendants’ allegation that the potential for shared civil liability between the parties should automatically disqualify the city from prosecuting this case is simply without merit. Under the Administrative Code, the Corporation Counsel’s office is empowered to prosecute Code violations. Given the number of outstanding violations throughout the city, it would be illogical to entertain a motion to disqualify every time an alleged violator is sued based on the injuries which may have resulted from those violations. Furthermore, the issue in the civil action, in placing blame, is substantially dissimilar from the issues presented in the case at bar. Furthermore, the State has utmost interest in speedy and just prosecution.
Lastly, defendant’s claim of selective prosecution must also fail. In order to be entitled to an evidentiary hearing on this claim the burden is on petitioner to demonstrate a reasonable probability of success in proving "not only * * * that the law was not applied to others similarly situated but also that the selective application of the law was deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification” (Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686, 693).
A hearing is not necessary on a mere assertion that defendant has been unfairly selected out for prosecution. (People v Barnwell, 143 Misc 2d 922 [Crim Ct, NY County 1989].) Even though only 1 or 2% of all similar cases are prosecuted does not give rise to a presumption of unfair selection. (People v Malphrus, 176 AD2d 1073 [3d Dept 1991].) Singling out private landlords for Administrative Code violations rather than managers of city-owned housing also fails to establish discriminatory enforcement. (People v Nemadi, 140 Misc 2d 712 [Crim Ct, NY County 1988].) Finally, assuming the decision to prosecute was based on the fact that the defendants were prominent and newsworthy, this is also not an impermissible basis for selection. (People v Barnwell, 143 Misc 2d 922 [Crim Ct, *1030 NY County 1989], supra.) "'Publication of the proceedings may enhance the deterrent effect of the prosecution and maintain public faith in the precept that [others] are not above the law.’ ” (Supra, at 926, quoting United States v Peskin, 527 F2d 71, 86 [7th Cir 1975], cert denied 429 US 818 [1976].)
Accordingly, this court finds that the defendants failed to establish selective prosecution.