OPINION OF THE COURT
Edgar G. Walker, J.
The defendant, Edward J. Foy, Jr., is charged with criminal mischief in the fourth degree (Penal Law § 145.00 [1]), aggravated harassment in the second degree (Penal Law § 240.30 [1]) and menacing (Penal Law § 120.15) under docket number 91X090196. He is also charged with assault in the third degree (Penal Law § 120.00 [1]), criminal mischief in the fourth degree (Penal Law § 145.00 [1]), criminal contempt in the second degree (Penal Law § 215.50 [3]) and harassment (Penal Law § 240.25 [1]) under docket number 91X041201.
The People have moved on docket number 91X090196 to reduce the charge of criminal mischief in the fourth degree to attempted criminal mischief in the fourth degree and to reduce the charge of aggravated harassment in the second degree to attempted aggravated harassment in the second degree. The People have moved on docket number 91X041201 to reduce the charge of assault in the third degree to attempted assault in the third degree, to reduce the charge of criminal contempt in the second degree to attempted criminal contempt in the second degree and to reduce the charge of criminal mischief in the fourth degree to attempted criminal mischief in the fourth degree. Defendant opposes these motions and, in the alternative, has demanded a jury trial should the court grant the People’s motion to reduce.
I. MOTION TO REDUCE
The defendant opposes the People’s motion to reduce the charges of criminal contempt in the second degree and aggravated harassment in the second degree to the attempts to commit said crimes, claiming that such crimes are "hypothetical,” in that they are impossible of commission.[1]
The defendant concedes that the decision as to whether to prosecute an individual and on what charges is a matter left to the discretion of the District Attorney. (People v Zimmer, 51 NY2d 390.) The defendant further concedes that the court *83 may permit the reduction of a charge to the lesser included attempt even where the factual allegations contained in the information would support the completed crime, as long as commission of the reduced charge is not legally impossible under any statement of facts. (People v Williams, 120 Misc 2d 68.)
This court agrees, as do the People, that the defendant may not be tried for an "attempt” which is legally impossible of commission, but disagrees that the reduced charges herein constitute such "hypothetical” crimes.
Section 110.00 of the Penal Law provides that "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.” Thus, to constitute an attempt it must first be established that the defendant acted with a specific intent. (People v Campbell, 72 NY2d 602; People v Bracey, 41 NY2d 296.)
It follows that it would be legally impossible to attempt to commit a crime which does not include culpable intent as an element, such as reckless manslaughter (People v Zimmerman, 46 AD2d 725; People v Brown, 21 AD2d 738), or where the proscribed result is unintended, such as assault in the second degree as defined by section 120.05 (3) of the Penal Law (People v Campbell, supra).
The only other category of crimes which the courts have found to be impossible to attempt are those which include the attempt in the definition of completed crime, such as resisting arrest (People v Howlett, 76 Misc 2d 801), or which are nothing more than an attempt to begin with, such as jostling (People v Lynn, 115 Misc 2d 76).
Both of the crimes which the People here seek to reduce to attempts are intentional crimes and neither crime can be committed by the mere attempt to do the proscribed act or bring about the proscribed result.[2]
*84 Given the almost limitless range of conduct which may be the subject of a lawful court order, examples of conduct amounting to attempted criminal contempt in the second degree, as defined in subdivision (3) of section 215.50 of the Penal Law are not difficult to conceive of, especially in light of the clear language of section 110.10 of the Penal Law, that where a person engages in conduct that otherwise constitutes an attempt, "it is no defense to a prosecution for such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such crime could have been committed had the attendant circumstances been as such person believed them to be.”
Thus, a person under court order not to drive a car under any circumstances who gets behind the wheel of a car with the intention of driving it and turns the key in the ignition, only then discoverying that the car won’t start because the battery is dead or the gas tank is empty, is clearly guilty of attempted criminal contempt in the second degree. Such person did all that was necessary to complete the crime had the attendant circumstances been as he believed them to be. His mistake in that respect is no bar to his conviction for the attempt.
Likewise, with respect to aggravated harassment in the second degree as defined in subdivision (1) of section 240.30 of the Penal Law, a person who dials the telephone with the requisite intent only to reach a wrong number or get a busy signal, may be convicted of the attempt to commit said crime although thwarted in his attempt by unforeseen circumstances beyond his control.
II. RIGHT TO JURY TRIAL
Defendant’s request for a jury trial is, at best, premature. As yet no motion has been made to consolidate these two dockets for trial. Defendant is not facing more than six months in jail on either docket. Baldwin v New York (399 US 66) does not mandate a jury trial for any charge where the possible penalty does not exceed six months.
*85 Should the People move to consolidate, this court would note that CPL 340.40 (2) requires a trial before a Judge where no single charge carries an authorized sentence of more than six months. (People v DiLorenzo, 153 Misc 2d 1021.) Thus, only if the statute itself is unconstitutional would the defendant be entitled to a jury trial, even if the dockets were to be consolidated.
The lower courts in this State and throughout the country, both State and Federal, are divided on the issue of when a defendant charged with multiple petty offenses is entitled to a jury trial. (See, People v DiLorenzo, supra, for a thorough listing of cases which have considered the issue.)
What is significant about those cases which hold that a defendant is entitled to a jury trial is that the court in each case specifically notes that the multiple charges all arise from a single act, transaction or occurrence. In fact, in United States v Musgrave (695 F Supp 231 [WD Va 1988]), the court first found it necessary to decide that a series of acts committed over a period of two years was a single continuous course of conduct before deciding that the defendants were entitled to a jury trial.
This approach finds support in the language of the Supreme Court’s opinion in Codispoti v Pennsylvania (418 US 506). In rejecting the prosecution’s argument that since the multiple contempts on which the defendant was convicted were separate offenses for which the defendant was sentenced to no more than six months on any one, each individual contempt was a petty offense triable without a jury, the court stated that "the salient fact remains that the contempts arose from a single trial, were charged by a single judge, and were tried in a single proceeding.” (418 US, at 517.)
Since the two dockets here involve entirely separate incidents which occurred on different dates, there is no authority from the Supreme Court or any lower court requiring a jury trial were the cases to be consolidated for trial. This court expresses no opinion at this time as to whether or not these cases may properly be consolidated pursuant to CPL 200.20.

. The defendant has raised other objections to the reduction of the charges which the court has considered and found to be without merit.

. Penal Law § 215.50 (3) provides, in relevant part, as follows:
"A person is guilty of criminal contempt in the second degree when he engages in any of the following conduct * * *
"3. Intentional disobedience of resistence to the lawful process or other mandate of a court”.
Penal Law § 240.30 (1) provides, in relevant part, as follows:
"A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he:
"1. Communicates, or causes a communication to be initiated by mechani *84 cal or electronic means or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm”.