OPINION OF THE COURT
Joseph J. Maltese, J.
The People are reducing the charges on each of the above dockets to class B misdemeanors and now move to consolidate them for the purpose of a single trial pursuant to CPL 200.20 (2).
The defense opposes the motion to consolidate and asserts that if consolidation is granted and if the court decides to sentence the defendant on each count consecutively, then the defendant would be exposed to an aggregate sentence of more than six months, which would entitle the defendant to a trial by jury.
This court holds that the prosecutor cannot in good faith reduce several "serious charges” (class A misdemeanors) to which a defendant would be entitled to jury trial to "petty *841 offenses” (class B misdemeanors) and then move to consolidate them for the purpose of a joint trial wherein the potential sentence would be that of a "serious offense” wherein more than six months of imprisonment may be imposed, while denying the defendant a right to a jury trial.
The District Attorney, as the prosecutor for the People of the State of New York, cannot use innovative procedural devices to circumvent a defendant’s constitutional right to a jury trial. While the prosecutor may argue that multiple petty offenses should subject the defendant to a sentence greater than that of a single petty offense, the People are reminded that it was they who chose to reduce those class A misdemeanors to class B misdemeanors in the first place.
Therefore, when the People in their prosecutorial discretion choose to reduce several charges to class B misdemeanors and then seek to consolidate those charges for a joint trial, they also implicitly limit the exposure that the defendant will face if convicted of more than two petty offenses to a sentence not greater than six months of total imprisonment. A total sentence of more than six months would entitle the defendant to a jury trial (see, Duncan v Louisiana, 391 US 145 [1968]; Baldwin v New York, 399 US 66 [1970]; CPU 340.40 [2]).
FACTS
In the first docket the defendant is charged with three crimes occurring on three separate dates at the same location and involving the same complaining witness. In the first incident, which allegedly occurred on August 3, 1994, the defendant was originally charged with criminal mischief in the fourth degree (Penal Law § 145.00 [1]) which was reduced to attempted criminal mischief. In the second incident, on September 8, 1994, the defendant was charged with criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and petit larceny (Penal Law § 155.25), which were reduced to attempts and menacing in the third degree (Penal Law § 120.15) and harassment (Penal Law § 240.26 [1]). The third incident occurred on September 13, 1994, wherein the defendant was originally charged with menacing in the third degree (Penal Law § 120.15) and petit larceny (Penal Law § 155.25), which was reduced to attempted petty larceny. All of the reduced charges remaining on the three incidents are class B misdemeanors, punishable by up to three months in jail and/or a fine of up to $500, with the exception of the *842 harassment charge which is a violation punishable by up to 15 days in jail and/or a fine of up to $250.
The second docket charges the defendant with three counts of criminal contempt in the second degree, a class A misdemeanor[1] 23(Penal Law § 215.50 [3]), for violating an order of protection issued by the court on the first docket and harassment in the first degree, a class B misdemeanor (Penal Law § 240.25). The People have stated that upon consolidation they will reduce the criminal contempt charge to attempted criminal contempt (Penal Law §§ 110.00, 215.50), a class B misdemeanor.
1. Consolidation
Under CPL 200.20 (2) two or more offenses are joinable when:
"(a) They are based upon the same act or upon the same criminal transaction;[2] or
"(b) Even though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first;[3] or
"(c) Even though based upon different criminal transactions, and even though not joinable pursuant to paragraph (b), such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law”.
To understand consolidation one must also look at severance. Consolidation is the procedure by which the prosecutor or defendant attempts to have two or more separate offenses combined for a single trial. In order for a court to grant a motion to consolidate it must be demonstrated that the offenses charged are joinable pursuant to the criteria set forth in *843 CPL 200.20 (2) and that "combination for a single trial is an appropriate exercise of discretion.” (People v Lane, 56 NY2d 1, 7 [1982].)
Severance is the procedure by which the defendant or prosecutor attempts to obtain separate trials for the counts contained in a single indictment. In order for a court to sever the counts the applicant must demonstrate that either the counts should not have been joined under the statute (CPL 200.20 [2]) in the first instance, or seek a discretionary severance under CPL 200.20 (3). A discretionary severance will only be granted if the counts were properly joinable under CPL 200.20 (2) (c) (offenses defined by the same or similar statutory provisions) and the court is persuaded that the severance should be granted in the interests of justice and for good cause shown (CPL 200.20 [3]). Additionally, a case should be severed when a defendant asserts that he or she has a reason to testify as to certain counts of an indictment, but wishes to remain silent as to others (Cross v United States, 335 F2d 987 [DC Cir 1964]) or if the defendant makes a convincing showing that he or she "has both important testimony to give concerning one offense and a strong need to refrain from testifying as to the other.” (People v Lane, supra, 56 NY2d, at 5.)
In People v Lane (supra), a defendant committed two robberies on two different dates. In both robberies the defendant hitchhiked a ride and then forced the drivers at knifepoint to ride to the same location where the defendant robbed the driver, took the car and then abandoned the cars in same location for both robberies. The Court of Appeals held that the decision to consolidate is in the "sound discretion of the Trial Judge in light of the circumstances of the individual case” (supra, at 8). The court then made a policy statement directing trial courts to balance the judicial economy of one trial with the fairness of the trial: "Trial courts should generally weigh the public interest in avoiding duplicative, lengthy and expensive trials against the defendant’s interest in being protected from unfair disadvantage. While the trial courts must be afforded reasonable latitude in exercising discretion in these matters, we emphasize that compromise of a defendant’s fundamental right to a fair trial free of undue prejudice as the quid pro quo for the mere expeditious disposition of criminal cases will not be tolerated.” (Supra, at 8; see also, People v Jenkins, 50 NY2d 981 [1980].)
The Court of Appeals held in People v Shapiro (50 NY2d 747 [1980]) that a trial court abused its discretion in denying a *844 defendant’s motion to sever an indictment charging 64 counts of various sex crimes[4] involving boys under the age of 17 from another indictment which charged "the more serious crime” (supra, at 752), of promoting prostitution in the first degree. The Court of Appeals stated that this was a "unique circumstance” (supra, at 755), because it was foreseeable that the proof involved in the 64 less serious counts would compromise the trial on the more serious charge by suggesting that the latter crime was an "outgrowth of the defendant’s untoward sexual predisposition” (supra, at 755). In the dissenting opinion, Judge Gabrielli stated that "it cannot be the mere fact of similarity among the various crimes charged that is the source of the prejudice, for similarity is the very trait that renders the offenses joinable under the statute.” (Supra, at 766.)
In 1983, the Third Department held in People v Hoke (96 AD2d 677 [3d Dept 1983]) that the trial court was within its discretion to deny a motion for severance, although one of the counts concerned an attack on a 10-year-old boy which took place some three days after an attack on a 13-year-old girl, as both crimes were " 'the same or similar in law’ ” (supra, at 677). The underlying rational for the Court’s decision was that the identification was positive in both counts and therefore "prejudice arising from the possibility that the jury might aggregate the evidence relating to each incident” was not shown (supra; see also, People v Casiano, 138 AD2d 892 [3d Dept 1988], lv denied 72 NY2d 857 [1988]).
The Appellate Division, Second Department, held in People v Mack (111 AD2d 186 [2d Dept 1985], lv denied 66 NY2d 616 [1985]) that even though the defendant’s convictions at one trial of two counts of a robbery was predicated on the occurrence of distinct events occurring on two dates with two different victims the charges were properly joinable as the crimes were " 'the same or similar in law’ ” (supra, at 187). The Court then went on to say that the denial of the defendant’s motion for severance was not an abuse of discretion (see also, People v Nelson, 133 AD2d 470 [2d Dept 1987], lv denied 71 NY2d 971 [1988] [two assaults]; People v Edwards, 160 AD2d 720 [2d Dept 1990], lv denied 76 NY2d 787 [1990] [two robberies, two burglaries and criminal use of a firearm]; *845 People v McNeil, 165 AD2d 882 [2d Dept 1990], Iv denied 76 NY2d 988 [1990] [a robbery and an attempted robbery]; People v Lemieszewski, 165 AD2d 688 [1st Dept 1990] [a burglary and attempted burglary]; People v 80 Main St. Theatre Corp., 88 Misc 2d 471 [Nassau County Ct 1976] [two instances of obscenity in the second degree (Penal Law § 235.06)]).
In 1993, the Second Department held in People v Prezioso (199 AD2d 343 [2d Dept 1993], Iv denied 83 NY2d 857 [1994]), that offenses which arose out of separate and distinct sexual assaults could be joined as the crimes were " 'the same or similar in law’ ” (supra, at 344). There the defendant was convicted of rape in the first degree (Penal Law § 130.35), sodomy in the first degree (Penal Law § 130.50), incest (Penal Law § 255.25), endangering the welfare of a child (Penal Law § 260.10) and sexual abuse in the first degree (Penal Law § 130.65). The Appellate Division went on to state that "since proof of each crime was presented separately and in an uncomplicated, easily segregable fashion” it could not be said that the defendant was prejudiced by the joinder (supra).
In the case at bar, the alleged facts show a pattern of harassment of the same complainant. The charges involved are all the same or similar in law. Therefore, in view of the reasons stated herein permitting consolidation of cases, this court in its discretion grants the People’s motion for consolidation.
2. A Trial By Jury — (To have or not to have, that is the question)
The United States Supreme Court made it clear that defendants charged with "serious crimes” must be afforded a jury trial while those charged with "petty offenses” may be tried without a jury (Duncan v Louisiana, 391 US 145 [1968], supra). Two years later the Court in Baldwin v New York (399 US 66 [1970], supra) distinguished "serious offenses” from "petty offenses” and established the "six month” rule stating: "no offense can be deemed 'petty’ for purposes of the right to trial by jury where imprisonment for more than six months is authorized.” (Supra, at 69; emphasis added.) The Supreme Court has also held that the Sixth Amendment requires a jury trial if the sentence imposed aggregates more than six months even though "no more than a six month’s sentence was imposed for any single offense” (Codispoti v Pennsylvania, 418 US 506, 517 [1974]). It should be noted, however, that in Codispoti (supra), the crimes were contempt of court which *846 "arose from a single trial, were charged by a single judge, and were tried in a single proceeding.” (Supra, at 517.)[5]
In complying with the aforementioned Supreme Court decisions, CPL 340.40 was amended to provide that in New York City a single Judge alone shall preside at a nonjury trial where the information "charges a misdemeanor for which the authorized term of imprisonment is not more than six months.” The defense argues that if consolidation is granted and the defendant is convicted, he may be subject to consecutive sentences on each incident, which may total more than six months of incarceration and would thereby be entitled to a jury trial.
Courts in deciding the issue of whether a defendant charged with multiple "petty offenses” has the right to a jury trial have arrived at different conclusions. Some have assumed that six months is the maximum aggregate sentence that may be imposed and really did not analyze the issue[6] while others held that a jury trial was unnecessary as the sentence was to be concurrent and not consecutive and therefore was to be less than six months.[7] Yet, other courts came to the conclusion that a jury trial is only required when a sentence of more than six months is actually imposed.[8] The Louisiana Supreme Court held that the right to a jury trial is determined by the punishment authorized for each particular offense and neither the consolidation nor the imposition of consecutive terms effects this rule.[9] Another approach is that if the aggregate *847 sentence that can be imposed is in excess of six months then the right to a trial by jury attaches.[10]
In 1992, the Bronx Criminal Court visited these issues in two separate decisions. The first involving four counts of violating the Administrative Code where two of the offenses were punishable by imprisonment of up to six months and/or a fine of up to $5,000 while two other offenses were punishable by imprisonment of up to 90 days and/or a fine of up to $5,000 (People v DiLorenzo, 153 Misc 2d 1021, supra). In the DiLorenzo case, the court held that a jury trial is required in multiple petty offense cases only if a sentence in excess of six months is actually imposed (supra, at 1026). The court reasoned that the Legislature, in mandating nonjury trials, limited the Judge’s sentencing discretion sub silentio in that in order for CPL 30.40 to be constitutionally read, it must require that where multiple petty offenses are tried together the maximum aggregate imprisonment must be limited to six months (supra, at 1027).
Then in People v Foy (155 Misc 2d 81, 85 [Crim Ct, Bronx County 1992]) the court ruled that there is no requirement for jury trial when offenses carrying punishments of six months’ imprisonment or less are consolidated for trial where each involves entirely separate incidents.
LIMITED SENTENCE UPON CONSOLIDATION
In the case at bar the incidents involve separate events that occurred on five separate dates. Therefore this court has the power to sentence the defendant to four consecutive terms of three months of imprisonment (Penal Law § 70.25) and up to 15 days on the violation count if the defendant is convicted.
While it would be desirable if the People and the defense would stipulate to the maximum sentence upon consolidation, that may not always be possible. Since the People have chosen to proceed at a bench trial, thus denying the defendant his right to a jury trial, the maximum exposure that the defendant may face is imprisonment of not more than six months as mandated by the United States Supreme Court in Codispoti v Pennsylvania (supra), Duncan v Louisiana (supra), Baldwin v New York (supra), and CPL 340.40.
The People cannot have it both ways. They cannot in *848 good faith seek consolidation of several B misdemeanors, which have been reduced from class A misdemeanors, and then after conviction of more than two offenses seek consecutive sentences which would expose the defendant to over six months’ imprisonment while at the same time deny the defendant the right to a jury trial.
However, where the defendant is convicted of more than one class B misdemeanor arising out of a separate case which has been consolidated for trial, the maximum potential sentence on all the charges should not be limited to merely three months’ imprisonment, the maximum on one count, but may total up to six months’ imprisonment, the maximum for "petty offenses”.
Accordingly, the People’s motion for consolidation is granted, with the proviso that the court will not impose a sentence greater than six months’ imprisonment if the defendant is convicted of more than two of the charges arising out of separate incidents.

. A class A misdemeanor which is punishable by up to a year in jail is tried by jury, but in the case at bar, the People have announced their intention to reducing this charge if the present motion to consolidate is granted in order to obtain a bench trial.

. A "[cjriminal transaction” is "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstances of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture” (CPL 40.10 [2]).

. See, People v Molineux (168 NY 264 [1901]); People v Ventimiglia (52 NY2d 350 [1981]).

. Sodomy in the first (Penal Law § 130.50), second (Penal Law § 130.45) and third degrees (Penal Law § 130.40), sexual misconduct (Penal Law § 130.20), endangering the welfare of a child (Penal Law § 260.10) and sexual abuse in the second degree (Penal Law § 130.60).

. See also, Taylor v Hayes (418 US 488 [1974] [decided the same day as Codispoti v Pennsylvania, supra]) which held that the defendant was not entitled to a jury trial on contempt charges where no more than a six-month sentence was actually imposed.

. See, People v Cruz (129 Misc 2d 235 [Crim Ct, Bronx County 1985]); People v McMath (NYU, Aug. 31, 1990, at 21, col 6 [Crim Ct, Richmond County]).

. See, People v Tsukerman (NYU, May 22, 1989, at 22, col 6 [App Term 1st Dept], Iv denied 74 NY2d 820).

. See, People v DiLorenzo (153 Misc 2d 1021 [Crim Ct, Bronx County 1992]); Maita v Whitmore (508 F2d 143 [9th Cir 1974], cert denied 421 US 947 [1975]); United States v Bencheck (926 F2d 1512 [10th Cir 1991]); United States v Lumumba (598 F Supp 209 [SD NY 1984], affd 794 F2d 806 [2d Cir 1986], cert denied 479 US 855 [1986]); State of New Jersey v Owens (54 NJ 153 [1969], cert denied 396 US 1021 [1970]).

. See, State v Robertson (310 So 2d 619 [La 1975]); City of Monroe v Wilhite (233 So 2d 535 [La 1970], cert denied 400 US 910 [1970]).

. See, United States v Potvin (481 F2d 380 [10th Cir 1973]); United States v Coppins (953 F2d 86 [4th Cir 1991]).