People v Lopez (2025 NY Slip Op 51553(U))

[*1]

People v Lopez

2025 NY Slip Op 51553(U) [87 Misc 3d 1212(A)]

Decided on September 2, 2025

Criminal Court Of The City Of New York, Bronx County

Goodwin, J.

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 2, 2025
Criminal Court of the City of New York, Bronx
County

The People of
the State of New York,

against
M. Lopez, Defendant.

Docket No. CR-021955-24BX

For the Defendant: 
Kenneth D. Murphy
For the People: 
Bronx ADA Ashley L. Akl

David L Goodwin, J.

Defendant M. Lopez [FN1]
was originally charged in 2024 with stalking, harassing, menacing, and other offenses
arising out of an alleged two-year course of conduct directed at complainant J.C.
Subsequent alleged contacts with J.C. led to two new open cases that charged, among
other things, harassment and criminal contempt.
The People now move to consolidate the three open cases for trial. Lopez opposes.
For the reasons explained below, the People's motion is GRANTED and the
cases are CONSOLIDATED FOR TRIAL.[FN2]

Multiple accusatory instruments against the same defendant can be consolidated if
they contain offenses joinable under C.P.L. § 200.20(2)—made applicable in
misdemeanor cases through C.P.L. §§ 100.15 and 100.45(1)—and if
consolidation is otherwise warranted as an appropriate exercise of discretion. See
C.P.L. § 200.20(4); People v. Watson, 281 AD2d 691, 693 (3d Dept.
2001). As grounds for joinder, the People rely on both § 200.20(2)(b), which
"permits joinder of charges arising from different criminal transactions if proof of the
first offense would [*2]be material and admissible as
evidence in chief in the trial of the second offense," and § 200.20(2)(c), a broad
provision that authorizes joinder of "offenses [that] are defined by the same or similar
statutory provisions and consequently are the same or similar in law," and which is
commonly used to join offenses charging "comparable criminal conduct in discrete
incidents," People v. Pierce,
14 NY3d 564, 573 (2010).
On this record, joinder is authorized under § 200.20(2)(b), which is generally
understood to codify the Molineux rule that prior bad acts cannot be used to
suggest criminal propensity, but can instead be used to demonstrate, among other things,
motive, intent, and absence of mistake. See People v. Davis, 225 AD3d 62, 69 (1st Dept. 2024).
The People contend that the earlier case would be admissible in the latter two cases to
establish why a valid order of protection was issued, and (presumably) Lopez's
knowledge of the same, invoking the permitted Molineux purposes of completing
the narrative, motive and intent, and absence of mistake. See People v. Sin,
— N.Y.3d —, 2025 NY Slip Op. 03100, at *2 (May 22, 2025). These
Molineux grounds can support joining an underlying offense with subsequent
contempt charges. See People v.
Warren, 81 Misc 3d 138(A), 2024 NY Slip Op. 50016(U), at *1 (App. Term 1st
Dept.) (affirming consolidation in those circumstances), leave denied, 41 NY3d
944 (2024).
Defense counsel argues that joinder and consolidation would prejudice Lopez
because of the multiplicity of charges against her. But the instrument in docket
CR-021955-24BX already charges 14 separate counts, one involving a course of conduct
spanning several years, so the addition of the few counts from the two newer instruments
would not tip the scales. The charges across all three cases are not otherwise so complex
that the jury would be unable to distinguish them. And any risk of potential prejudice
could be addressed by appropriate instructions from the trial court to the jury. See People v. Sumpter, 191
AD3d 1160, 1163—64 (3d Dept. 2021).
Lopez does not meaningfully argue any other grounds for finding prejudice arising
from joinder, and the People are otherwise correct that trying the cases together would
serve the purposes of judicial economy. As the value and efficiency gains of
consolidation outweigh the potential prejudice to Lopez, consolidation is warranted.
Accordingly, joinder is authorized under § 200.20(2)(b), and consolidation is
appropriate as an exercise of discretion.[FN3]
* * *
The People's motion to consolidate is
GRANTED and the three dockets are CONSOLIDATED. The People
may wish to file a superseding accusatory instrument reflecting the consolidation of all
three dockets.
Dated: September 2, 2025
Bronx, NY
David L. Goodwin
Judge of the
Criminal Court

Footnotes

Footnote 1: The version of this
decision submitted for electronic publication has been lightly redacted.

Footnote 2: While a request for
consolidation may be better suited for decision by a trial judge, the People have directed
their motion to this Part, and the defense raises no objection to resolving the issue now. 

Footnote 3: There is thus no need to
decide whether the offenses are the same or similar in law such that they would be
joinable under § 200.20(2)(c). But see People v. Estevez, 163 Misc 2d 839,
842, 845 (N.Y.C. Crim. Ct., Kings Co. 1995) (Maltese, J.) (concluding that harassment
and criminal contempt were "the same or similar in law" because they both evinced a
pattern of misconduct directed at the complainant).